Bacchus v Bronx Lebanon Hosp. Ctr. (2021 NY Slip Op 01714)





Bacchus v Bronx Lebanon Hosp. Ctr.


2021 NY Slip Op 01714


Decided on March 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 23, 2021

Before: Webber, J.P., Oing, Kennedy, Scarpulla, JJ. 


Index No. 25054/17E Appeal No. 13395 Case No. 2020-02919 

[*1]Eustace Bacchus etc., Plaintiff-Appellant,
v
The Bronx Lebanon Hospital Center, et al., Defendants-Respondents, Ronald Joco, M.D., Defendant.


Napoli Shkolnik, PLLC, Melville (Seth Kornfeld of counsel), for appellant.
Turken, Heath & McCauley, LLP, Armonk (Jason D. Turken of counsel), for respondents.



Order, Supreme Court, Bronx County (Joseph Capella, J.), entered September 6, 2019, which, to the extent appealed from as limited by the briefs, granted so much of defendants Bronx Lebanon Hospital Center and Muhammed Adrish, M.D.'s motion as sought summary judgment dismissing the causes of action for pecuniary loss and wrongful death, unanimously affirmed, without costs.
Plaintiffs failed to comply with a compliance conference order that precluded them from offering as evidence any outstanding discovery they did not provide within 20 days. The resulting preclusion of evidence rendered plaintiffs unable to establish a prima facie case of pecuniary loss and of wrongful death, of which pecuniary loss is a necessary element (Chong v New York City Tr. Auth., 83 AD2d 546, 547 [2d Dept 1981]), requiring the dismissal of those claims (Samuels v Montefiore Med. Ctr., 49 AD3d 268, 268 [1st Dept 2008]).
The motion court providently exercised its discretion in declining to consider plaintiffs' opposition papers. In addition to failing to comply with prior court orders, plaintiffs had requested, and the parties stipulated to, an adjournment of the motion, and then plaintiffs served the papers late, without explanation for the delay or notice to opposing counsel (see Traders Co. v AST Sportswear, Inc., 31 AD3d 276, 277 [1st Dept 2006]).
Plaintiffs failed to support their contention that defendants' motion was premature by showing that discovery might lead to relevant evidence or that the facts essential to justify their opposition to the motion were exclusively within defendants' knowledge and control (see CPLR 3212[f]; Cajas-Romero v Ward, 106 AD3d 850, 852 [2d Dept 2013]). To the contrary, the evidence related to pecuniary loss was entirely within plaintiffs' control and not dependent on further discovery.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2021