Flynn v Red Apple 670 Pac. St., LLC (2021 NY Slip Op 07510)





Flynn v Red Apple 670 Pac. St., LLC


2021 NY Slip Op 07510


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Renwick, J.P., Oing, Singh, Scarpulla, Pitt, JJ. 


Index No. 159187/20 Appeal No. 14889 Case No. 2021-02737 

[*1]Jason Flynn etc., Plaintiff-Appellant,
v
Red Apple 670 Pacific Street, LLC, Defendant-Respondent. Rent Stabilization Association of New York City, Inc., Community Housing Improvement Program, Inc. and The Real Estate Board of New York, Amici Curiae.


Newman Ferrara LLP, New York (Roger A. Sachar of counsel), for appellant.
Belkin Burden Goldman, LLP, New York (Magda L. Cruz of counsel), for respondent.
Rosenberg & Estis, P.C., New York (Jeffrey Turkel of counsel), for amici curiae.



Order, Supreme Court, New York County (Debra A. James, J.), entered July 22, 2021, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the putative class action to the extent of declaring in defendant's favor, unanimously affirmed, without costs.
The building at issue in this dispute received a temporary certificate of occupancy on August 8, 2016. On or about August 8, 2016, the building received a certification under Real Property Tax Law (RPTL) § 421-a (the 421-a program), which granted certain tax benefits to the building, and, in exchange, the building became subject to rent stabilization.
By rent-stabilized lease dated August 18, 2016, plaintiff Jason Flynn, as tenant, rented from defendant's predecessor in interest an apartment in an 86-unit building at a rate of $3,350 per month for the term September 30, 2016 to October 31, 2017. Together with the lease, plaintiff executed a "One-Time Construction Concession Rider" that provided in relevant part that "the legal regulated rent for the subject apartment is $3,350 per month" and that the owner granted plaintiff a one-time concession of $3,350 to be credited during the 13th month of the lease term. The concession rider further provided:
"The foregoing One-Time Concession is granted solely in consideration for Tenant entering into the Lease for the apartment located in a new building which was completing construction and commencing operations at the time of the execution of the Lease. The One-Time Concession is granted to compensate Tenant for any and all inconvenience associated with same including, but not limited to, noise, dirt, debris, use of the Building and or common areas by Owner's construction contractors and/or employees, and temporary cessation of services, including utilities and elevator service."
The building received its permanent certificate of occupancy on February 10, 2017. Defendant purchased the building by deed dated February 1, 2018.
Plaintiff brought this putative class action for rent overcharges in violation of Rent Stabilization Law (Administrative Code of City of NY) § 26-512, based on defendant's allegedly illegal calculation of the initial legal regulated rents for apartments throughout the building. The complaint alleges that, while defendant advertised to tenants the "net effective" rent, which took certain rent concessions into account, when it registered the legal regulated rent, defendant relied on the higher, undiscounted figure in the lease.
The motion court granted defendant's motion to dismiss the complaint, declaring in defendant's favor, that the one-time rent concession did not constitute a basis for registering the "net effective" rent under Rent Stabilization Code (RSC) (9 NYCRR) § 2521.1(g), which governs the registration of the initial rents for buildings in the 421-a program. The court further held that under the former version of CPLR 213-a, plaintiff's concession rider was beyond the four[*2]-year lookback period, and that the complaint did not allege a colorable claim of fraud so as to permit examination of the full rent history. We now affirm.
Defendant contends that, because plaintiff signed his lease and the construction rider on August 18, 2016, and the complaint was filed on October 29, 2020, the concession rider is outside the scope of former CPLR 213-a's four-year lookback rule. However, the limitations period was suspended under Executive Order 202.8, which provides, "any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including . . . the civil practice law and rules . . . is hereby tolled" from March 20, 2020 to November 3, 2020. Thus, the concession rider may be considered under former CPLR 213-a.
Plaintiff's chief contention is that defendant was required under RSC 2521.1(g) to register his initial rent with the Division of Housing and Community Renewal (DHCR), taking into account the one-month concession, and that, as the first tenant of the apartment, he is an appropriate party to challenge whether defendant registered the initial legal regulated rent for the apartment correctly. RSC 2521.1(g) states in relevant part, "The initial legal regulated rent for a housing accommodation constructed pursuant to [RPTL 421-a] shall be the initial adjusted monthly rent charged and paid but not higher than the rent approved by HPD."
Defendant and amici curiae urge that DHCR has addressed this very issue in its fact sheet 40, which provided that a one-time rent concession that applies to a specific month, such as plaintiff's, does not affect the legal regulated rent, whereas prorated discounts are actually preferential rents, which must be the rent registered under RSC 2521.1(g). Defendant is correct that the concession rider must be read "in the light of the circumstances existing at its making" (Matter of Century Operating Corp. v Popolizio , 60 NY2d 483, 488 [1983]) and that the usual rules of construction apply to the rider (id .).
Pursuant to the concession rider, the parties plainly agreed that the one-month rent concession was a one-time event that had no impact on the remainder of plaintiff's rent payments. There is also no dispute that, at the time plaintiff received the one-month rent concession, the building had not yet received a permanent certificate of occupancy. Under these circumstances, plaintiff failed to assert allegations sufficient to withstand a motion to dismiss his claim that defendants attempted to defraud him by manipulating the legal regulated rent. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021