Chernett v Spruce 1209, LLC (2021 NY Slip Op 07502)





Chernett v Spruce 1209, LLC


2021 NY Slip Op 07502


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Renwick, J.P., Oing, Singh, Scarpulla, Pitt, JJ. 


Index No. 159188/20 Appeal No. 14890-14890A Case No. 2021-01849, 2021-02733 

[*1]Elizabeth Chernett et al., Plaintiffs-Respondents,
v
Spruce 1209, LLC, Defendant-Appellant. Rent Stabilization Association of New York City, Inc., Community Housing Improvement Program, Inc. and The Real Estate Board of New York, Amici Curiae.


Belkin Burden Goldman LLP, New York (Magda L. Cruz of counsel), for appellant.
Newman Ferrara LLP, New York (Roger A. Sachar of counsel), for respondents.
Rosenberg & Estis, P.C., New York (Jeffrey Turkel of counsel), for amici curiae.



Orders, Supreme Court, New York County (Arlene P. Bluth, J.), entered April 23, 2021, and July 15, 2021, which, respectively, denied defendant's motion to dismiss the putative class action complaint and granted plaintiffs' motion to certify the class and subclass, unanimously affirmed, without costs.
Defendant is the owner of a building that contains 127 residential apartments. The building received a permanent certificate of occupancy on October 23, 2013. On November 9, 2016, the building received a certification from the New York City Department of Housing Preservation and Development (HPD) under Real Property Tax Law (RPTL) § 421-a (the 421-a program), which granted it certain tax benefits, and, in exchange, the building became subject to rent stabilization.
Plaintiffs Elizabeth Chernett and Michael Rapin, as tenants in the building, brought this putative class action for rent overcharges in violation of Rent Stabilization Law (Administrative Code of City of NY) § 26-512, based on defendant's allegedly illegal calculation of the initial legal regulated rents for apartments throughout the building. The complaint alleges that, while defendant advertised to tenants the "net effective" rent, which took certain rent concessions into account, when it registered the legal regulated rent, defendant relied on the higher, undiscounted figure in the lease. It is alleged that this contravenes Rent Stabilization Code (RSC) (9 NYCRR) 2521.1(g), which governs the registration of the initial rents for buildings in the 421-a program. RSC 2521.1(g) provides, in relevant part, "The initial legal regulated rent for a housing accommodation constructed pursuant to [RPTL 421-a] shall be the initial adjusted monthly rent charged and paid but not higher than the rent approved by HPD." Plaintiffs contend that, in effect, this means that preferential rents are not permitted for initial tenants of 421-a buildings because the actual amount "charged and paid" by the tenant must be registered as the legal regulated rent.
Defendant moved to dismiss the complaint, arguing, among other things, that the four-year lookback rule barred review of plaintiffs' predecessors' rent history and that it properly registered the amount "charged and paid" by plaintiffs, as required under 9 NYCRR 2521.1(g), which was the amount set forth in the lease, without taking into account the concession rider. Defendant and amici curiae contended that the Division of Housing and Community Renewal (DHCR) had addressed this very issue in fact sheet 40, which provided that one-time rent concessions that apply to a specific month, such as those in this case, do not affect the legal regulated rent, whereas prorated discounts were actually preferential rents, which must be the rent registered under section 2521.1(g). Defendant acknowledges that fact sheet 40 has been revised and no longer discusses rent concessions, but argues that it remains a valid interpretation of the law. The motion court correctly [*2]denied defendant's motion, finding that the complaint stated a cause of action for overcharges based on an alleged fraudulent scheme to evade the requirements of the 421-a program so as to charge higher rents by providing "construction concessions" well after construction was complete.
Defendant is correct that the statute of limitations in the former version of CPLR 213-a would apply to the overcharges incurred before the statute was amended by the Housing Stability and Tenant Protection Act of 2019 (L 2019, ch 36). However, the claims in the October 29, 2020 complaint are timely under the former statute of limitations. As Rapin's lease commenced on April 26, 2017, and Chernett's lease commenced on February 26, 2019, their respective predecessor tenants' leases may appropriately be reviewed within the four-year lookback period.
We agree with the motion court that the allegations in the complaint warrant discovery to determine whether the concessions were functionally equivalent to a preferential rent; "[s]imply calling it a concession does not transform it into a permissible activity under the applicable statutory scheme" (Chernett v Spruce 1209, LLC, 2021 NY Slip Op 31064[U], *4 [Sup Ct, NY County 2021] [Arlene P. Bluth, J.]). Although defendant contends that DHCR's fact sheet 40 distinguishes between a permissible one-time concession for a specific month and a preferential rent and that it properly deferred to DHCR, discovery is needed to determine whether that is so.
We have previously credited DHCR's fact sheet 40 as a permissible interpretation of the law, finding it within DHCR's authority to deem the legal regulated rent lower than an amount resulting from an impermissibly excessive late fee (see Matter of Bandil Farms Inc. v New York State Div. of Hous. & Community Renewal, 190 AD3d 403, 405-406 [1st Dept 2021]). However, plaintiffs here presented evidence of irregularities in their leases and their predecessor tenants' leases that raise the question of whether the rent "charged and paid" under RSC 2521.1(g) was improperly manipulated and therefore should have, but did not, take into account the purported concessions in calculating the proper initial legal regulated rents under the 421-a program.
With respect to class certification, we find that plaintiffs meet the requirements of CPLR 901 and 902, which are to be construed liberally in favor of class certification (see Weinstein v Jenny Craig Operations, Inc., 138 AD3d 546, 547 [1st Dept 2016]). Although defendant contends that plaintiffs failed to present any evidence that the initial legal regulated rents were improperly registered, it is sufficient that the motion court had already determined that the claims had merit and should survive dismissal (see Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 422 [1st Dept 2010]).
Defendant did not deny that every initial tenant in the 127 apartments in the building was offered a concession, which satisfies the numerosity requirement [*3]of class certification (see Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d 382, 399 [2014] ["the legislature contemplated classes involving as few as 18 members"]). Defendant contends that class certification is inappropriate because individual rent calculations will predominate and that plaintiffs are not typical because their leases did not reflect concessions, but "the rule requires predominance not identity or unanimity among class members" (Pludeman v N. Leasing Sys., Inc., 74 AD3d at 423). As discussed, the question of whether the first tenants' legal regulated rent was properly registered will affect plaintiffs and current tenants in the subclass. Defendant's argument that overcharge actions are not suited to class actions and should be brought before DHCR has been rejected by the Court of Appeals (see Collazo v Netherland Prop. Assets LLC, 35 NY3d 987, 990 [2020]).
As to defendant's argument that plaintiffs failed to waive recourse to the default formula, which it labels a penalty under CPLR 901(b), we have expressly held that "the default formula is not a penalty" (Simpson v 16-26 E. 105, LLC, 176 AD3d 418 [1st Dept 2019]). Contrary to defendant's contention that the motion court did not address the CPLR 902 elements, the court expressly found that they were "easily met" in this case, and we agree.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021