Wise v 1614 Madison Partners, LLC (2023 NY Slip Op 01495)

Wise v 1614 Madison Partners, LLC

2023 NY Slip Op 01495

Decided on March 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2023

Before: Kapnick, J.P., Kern, Gesmer, Moulton, Higgitt, JJ. 

Index No. 154592/22 Appeal No. 17547-17548 Case No. 2022-04163 2022-05634 

[*1]Brett Wise, Plaintiff-Respondent-Appellant,
v
1614 Madison Partners, LLC, Defendant-Appellant-Respondent. 

Sidrane, Schwartz-Sidrane, Perinbasekar & Littman, LLP, Rockville Centre (Arun Perinbasekar of counsel), for appellant-respondent.
Newman Ferrara LLP, New York (Roger A. Sachar of counsel), for respondent-appellant.

Orders, Supreme Court, New York County (Arlene P. Bluth, J.), entered August 29, 2022 and December 7, 2022, which, respectively, denied defendant's motion to dismiss the putative class action complaint asserting claims for rent overcharges and related declaratory relief and, to the extent appealed from, upon granting plaintiff's motion for class certification, limited the class to those tenants who reside in or formerly resided in the subject premises on or after May 27, 2018, unanimously affirmed, without costs.
The court correctly denied defendant's motion to dismiss, as the complaint adequately alleges that defendant improperly manipulated the initial legal regulated rents of apartments in the building through the offering of concessions to the tenants (see Rent Stabilization Code [9 NYCRR] § 2521.1[g]; Chernett v Spruce 1209, LLC, 200 AD3d 596, 597 [1st Dept 2021]). The court providently exercised its discretion in declining to consider defendant's untimely reply papers (see CPLR 2214[c]; Bacchus v Bronx Lebanon Hosp. Ctr., 192 AD3d 553, 554 [1st Dept 2021]). In any event, the documents submitted on reply did not utterly refute the allegations that certain purported construction concessions were in fact not to reimburse the tenants for inconveniences arising from construction work, but rather, were part of a fraudulent scheme to register the initial rents charged at inflated amounts (see CPLR 3211[a][1]; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). Defendant's reliance on Flynn v Red Apple 670 Pac. St., LLC (200 AD3d 607 [1st Dept 2021]) and Matter of Century Operating Corp. v Popolizio (60 NY2d 483 [1983]) is misplaced, as those cases are distinguishable on the facts and inapposite.
As the court found, the class period should commence on May 27, 2018, rather than May 27, 2016, as argued by plaintiff. The court correctly determined that the four-year statute of limitations under the former CPLR 213-a governed the rent overcharge claims, which accrued prior to the enactment of the Housing Stability and Tenant Protection Act (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 363 [2020]; Austin v 25 Grove St. LLC, 202 AD3d 429, 430 [1st Dept 2022]).
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2023