Collins v 527 Lincoln Place, LLC (2023 NY Slip Op 03904)

Collins v 527 Lincoln Place, LLC

2023 NY Slip Op 03904

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2020-05786
 (Index No. 508400/19)

[*1]Simone Collins, etc., et al., appellants, 
v
527 Lincoln Place, LLC, respondent.

Grimble & Loguidice, LLP, New York, NY (Robert Grimble of counsel), for appellants.
Kucker Marino Winiarsky & Bittens, LLP, New York NY (Nativ Winiarsky of counsel), for respondent.

DECISION & ORDER
In a putative class action, inter alia, to recover damages for rent overcharges, the plaintiffs appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated July 20, 2020. The order granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the fourth cause of action, to refer the matter to the New York State Division of Housing and Community Renewal to determine the legal regulated rent for all units of the residential premises at issue, and pursuant to CPLR 2201 to stay all proceedings in the action.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting those branches of the defendant's motion which were to refer the matter to the New York State Division of Housing and Community Renewal to determine the legal regulated rent for all units in the residential premises at issue and to stay all proceedings in the action, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.
In 2019, the plaintiffs, seven current and former tenants of a 24-unit residential building in Brooklyn (hereinafter the premises), commenced this putative class action against the defendant 527 Lincoln Place, LLC, the owner of the premises, inter alia, for a judgment declaring that the plaintiffs' units in the premises are subject to the rent stabilization laws and the amount of legal regulated rent the defendant may charge for each unit in the premises, to recover damages for rent overcharges, and to recover damages for violations of General Business Law § 349 and New York City Administrative Code (hereinafter Admin. Code) § 20-700. The defendant moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the fourth cause of action, alleging violations of General Business Law § 349 and Admin. Code § 20-700, for failure to state a cause of action, to refer the matter to the New York State Division of Housing and Community Renewal (hereinafter DHCR) to determine the legal regulated rent for all units in the premises, and pursuant to CPLR 2201 to stay all proceedings in the action. In an order dated July 20, 2020, the Supreme Court granted those branches of the defendant's motion. The plaintiffs appeal.
The Supreme Court should have denied those branches of the defendant's motion which were to refer the action to the DHCR and to stay all proceedings. The Housing Stability and Tenant Protection Act of 2019 provides that "[t]he courts and the [DHCR] have concurrent [*2]jurisdiction, subject to the tenant's choice of forum" (L 2019, ch 36, Part F, §§ 1, 3). In rent overcharge cases, the "plaintiffs' choice of forum controls" (Collazo v Netherland Prop. Assets LLC, 35 NY3d 987, 990; see Chernett v Spruce 1209, LLC, 200 AD3d 596, 598). Here, the plaintiffs selected the court as the forum of their choice. Thus, the court improperly granted that branch of the defendant's motion which was to refer the matter to the DHCR (see Collazo v Netherland Prop. Assets LLC, 35 NY3d at 990; Chernett v Spruce 1209, LLC, 200 AD3d at 598), and improvidently exercised its discretion in granting that branch of the defendant's motion which was to stay all proceedings in the action (see Fleet Natl. Bank v Marrazzo, 23 AD3d 337, 338).
However, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the fourth cause of action, alleging violations of General Business Law § 349 and Admin. Code § 20-700, for failure to state a cause of action (see Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co. Inc., 37 NY3d 169, 177; Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25). A cause of action under General Business Law § 349 "must allege that: (1) the defendant's conduct was consumer-oriented; (2) the defendant's act or practice was deceptive or misleading in a material way; and (3) the plaintiff suffered an injury as a result of the deception" (Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co. Inc., 37 NY3d at 176). Likewise, a cause of action under Admin. Code § 20-700 must allege that a defendant engaged in deceptive or unconscionable trade practice in, inter alia, the sale of any consumer goods or services (Admin. Code § 20-700; see Polontesky v Better Homes Depot, 97 NY2d 46, 52). Here, the allegations were bare and conclusory and thus failed to state a cause of action under either General Business Law § 349 or Admin. Code § 20-700 (see Collazo v Netherland Prop. Assets LLC, 35 NY3d at 991).
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., MALTESE, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court