Bascom v 1875 Atl. Ave Dev., LLC (2024 NY Slip Op 02515)

Bascom v 1875 Atl. Ave Dev., LLC

2024 NY Slip Op 02515

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2021-07525
 (Index No. 502056/21)

[*1]Torel Bascom, etc., respondent, 
v
1875 Atlantic Ave Development, LLC, appellant.

Kucker Marino Winiarsky & Bittens, LLP, New York, NY (Nativ Winiarsky of counsel), for appellant.
Newman Ferrara LLP, New York, NY (Lucas A. Ferrara and Roger A. Sachar of counsel), for respondent.

DECISION & ORDER
In a putative class action, inter alia, to recover damages for rent overcharges, the defendant appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated August 31, 2021. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In 2021, the plaintiff, a tenant of a residential apartment building (hereinafter the building) in Brooklyn, commenced this putative class action against the defendant, 1875 Atlantic Ave Development, LLC, the owner of the building, inter alia, to recover damages for rent overcharges and violations of the Rent Stabilization Law, including Rent Stabilization Law (Administrative Code of City of NY) § 26-512, and the Rent Stabilization Code, including Rent Stabilization Code (9 NYCRR) § 2521.1(g), and for calculation of the lawful rent. The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In an order dated August 31, 2021, the Supreme Court denied the defendant's motion. The defendant appeals.
When deciding a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, "the court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Rudovic v Law Off. of Timothy A. Green, 200 AD3d 814, 815, quoting Leon v Martinez, 84 NY2d 83, 87-88). A motion to dismiss based on documentary evidence pursuant to CPLR 3211(a)(1) may be granted "only where the documentary evidence utterly refutes the plaintiff's factual allegations" (Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 215 AD3d 907, 908 [internal quotation marks omitted]; see Mawere v Landau, 130 AD3d 986, 987).
Rent Stabilization Law § 26-512(a) provides that "[n]o owner of property subject to this law shall charge or collect any rent in excess of the initial legal regulated rent or adjusted initial legal regulated rent until the end of any lease or other rental agreement in effect on the local effective date until such time as a different legal regulated rent shall be authorized pursuant to guidelines adopted by a rent guidelines board." Under the Rent Stabilization Code, "[t]he initial legal regulated rent for a housing accommodation . . . constructed pursuant to [RPTL 421-a] shall be the initial adjusted monthly rent charged and paid but not higher than the rent approved by [the Department of Housing Preservation and Development]" (9 NYCRR 2521.1[g]). The Rent Stabilization Code further defines a "preferential rent" as rent charged to and paid by a tenant that is less than the legal [*2]regulated rent for the housing accommodation (id. § 2521.2[a]). Here, the complaint alleged, inter alia, that the defendant did not register the monthly rents that were actually charged and paid but, instead, improperly inflated the registered initial rents by offering prorated discounts disguised as one-time monthly concessions, resulting in rent overcharges.
Contrary to the defendant's contentions, these allegations are sufficient to state a cause of action (see Wise v 1614 Madison Partners, LLC, 214 AD3d 550; Chernett v Spruce 1209, LLC, 200 AD3d 596). The defendant's reliance on Burrows v 75-25 153rd Street LLC (215 AD3d 105) to suggest otherwise is misplaced. In Burrows, the terms of the plaintiff's lease specifically included a concession of two free months, which the Appellate Division, First Department determined did not affect the legal regulated rent pursuant to the New York State Division of Housing and Community Renewal (DHCR) Fact Sheet #40 (see id. at 115-116). However, Burrows further noted, also pursuant to DHCR Fact Sheet #40, that prorated discounts are actually preferential rents, which must be the rent registered under RSC § 2521.1(g) for buildings under the 421-a program (Burrows v 75-25 153rd Street LLC, 215 AD3d at 115). Here, it is undisputed that the plaintiff received one free month of rent and that a rider to his lease indicated that his monthly rent was $2,105. However, there is also evidence in the record that the apartments in the building were being advertised at prorated, "net effective" rates that took the one-month concession into consideration. As the lease rider "must be read 'in light of the circumstances existing at its making'" (Flynn v Red Apple 670 Pac. St., LLC, 200 AD3d 607, 609, quoting Matter of Century Operating Corp. v Popolizio, 60 NY2d 483, 488), the allegation in the complaint that the defendant improperly manipulated the initial legal regulated rent is sufficient to survive the defendant's motion to dismiss. Accordingly, the Supreme Court properly denied dismissal of the complaint pursuant to CPLR 3211(a)(7).
Likewise, since the documentary evidence submitted did not otherwise utterly refute the allegations of the complaint, the Supreme Court properly denied dismissal of the complaint pursuant to CPLR 3211(a)(1) (see Wise v 1614 Madison Partners, LLC, 214 AD3d at 550).
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court