Burrows v 75-25 153rd St., LLC (2025 NY Slip Op 03861)

Burrows v 75-25 153rd St., LLC

2025 NY Slip Op 03861

Decided on June 26, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 26, 2025

Before: Kapnick, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Index No. 160082/20|Appeal No. 17103-17104|Case No. 2021-04654 2022-02533|

[*1]Brian Burrows, et al., Plaintiffs-Respondents,
v
75-25 153rd Street, LLC, Defendants-Appellant. 

Rosenberg & Estis, P.C., New York (Deborah Riegel of counsel), for appellant.
Newman Ferrara LLP, New York (Roger A. Sachar of counsel), for respondents.

Order, Supreme Court, New York County (Shawn Kelly, J.), entered on or about November 19, 2021, which denied defendant's motion to dismiss the complaint, unanimously affirmed. Order, same court and Justice, entered on or about May 6, 2022, which effectively granted defendant's motion for leave to reargue and, upon reargument, adhered to its prior determinations denying defendant's motion to dismiss plaintiffs' rent overcharge claims and plaintiff Sam Waller's separate claim asserting that defendant incorrectly increased rent when renewing Waller's rent-stabilized lease after the enactment of the Housing Stability and Tenant Protection Act of 2019 (HSTPA), unanimously affirmed.
The motion court properly denied defendant's motion to dismiss plaintiffs' putative class claim for rent overcharges based on the improper use of preferential rents to avoid registering the amount actually charged and paid while receiving benefits under the 421-a program, pursuant to which an owner receives certain tax benefits in exchange for the building being treated as rent-stabilized during the benefits period, requiring the owner to register the legal regulated rents with the Division of Housing and Community Renewal (DHCR) (see Real Property Tax Law § 421-a).
The court correctly rejected defendant's assertion that review of the rent history beyond the four-year lookback period was precluded. Even before the enactment of the HSTPA (L 2019, ch 36), Rent Stabilization Code (9 NYCRR) § 2521.2(c) provided that, where preferential rents are employed, the rent history preceding the preferential rent may be examined in order to ensure that the legal regulated rent was properly calculated. Here, the complaint adequately alleged that, as reflected by the DHCR rent roll for the building, defendant registered the initial legal regulated rent for the apartments in the building in amounts far higher than those actually charged and paid, in violation of 9 NYCRR 2521.1(g), and registered the actual rent charged and paid as a "preferential rent." While defendant argues that no tenant has ever been charged more than the preferential rents registered with DHCR, and that the increases resulting from the higher registered rent did not result in an overcharge, defendants do not deny that the legal regulated rents for plaintiffs' apartments within the lookback period bear no relationship to the rents charged and paid. Further, plaintiffs demonstrated that certain increases in the preferential rent may have exceeded the permitted Rent Guidelines Board increases. Thus, the court properly permitted the overcharge claims to proceed to discovery.
As to Waller's claim for overcharges based on defendant's withdrawal of a rent concession in his renewal lease, the complaint adequately alleged facts that could support a finding that the two-month concession was in fact a preferential rent by another name (see Chernett v Spruce 1209, LLC, 200 AD3d 596, 597 [1st Dept 2021]). Contrary to defendant's [*2]contention, the concession differs significantly from the concession offered in Flynn v Red Apple 670 Pac. St., LLC (200 AD3d 607 [1st Dept 2021]). There, the concession rider stated in relevant part that the "One-Time Concession is granted solely in consideration for Tenant entering into the Lease for the apartment located in a new building which was completing construction" in order to compensate the tenant for dust, debris, noise, and any potential loss of services during the construction period (id. at 608). Here, Waller's concession was "incorporated into and made a part of the Lease," not tied to specific months, and defendant made no showing of the parties' intention to limit the concession solely to that lease term so as to distinguish it from a preferential rent under the HSTPA amendments to Rent Stabilization Law (Administrative Code of City of NY) § 26-511(c)(14). Defendant also did not utterly refute plaintiffs' allegation that the concession was part of a scheme to avoid registering the actual rent charged and paid, as plaintiffs presented at least one other example of defendant's use of a concession to advertise a lower "net effective" rent (see Chernett, 200 AD3d at 597).
With respect to the declaratory relief sought, the complaint adequately alleged that plaintiffs' legal regulated rents were improperly calculated, and that plaintiffs were not offered rent-stabilized leases in the form required by DHCR, raising a justiciable controversy such that declaratory relief is available (CPLR 3001). Defendant's contention that the two claims for declaratory relief are duplicative is unavailing. Although there is some overlap between them, they sought slightly different declarations, as the third claim seeks additional declarations that any purported deregulation of an apartment is invalid, and that any lease offered by defendant is invalid unless it is offered on lease forms and terms prescribed by DHCR. Therefore, both claims may proceed.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 26, 2025