Viohl v Chelsea W26 LLC (2025 NY Slip Op 05180)

Viohl v Chelsea W26 LLC

2025 NY Slip Op 05180

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Webber, J.P., Kapnick, Gesmer, Higgitt, Hagler, JJ. 

Index No. 158722/22|Appeal No. 4739|Case No. 2025-00724|

[*1]S.B. Viohl etc., Plaintiff-Respondent,
v
Chelsea W26 LLC, Defendant-Appellant.

Belkin Burden Goldman, LLP, New York (Magda L. Cruz of counsel), for appellant.
Newman Ferrara LLP, New York (Roger A. Sachar of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about December 31, 2024, which denied defendant's motion under CPLR 3211(a)(1) and (7) and CPLR 3212 to dismiss the class complaint, unanimously affirmed, without costs.
Supreme Court properly denied defendant's pre-discovery motion to dismiss the class complaint for rent overcharges arising from the withdrawal of rent concessions because the complaint adequately alleged facts that could support a finding that the rent concessions were preferential rents by another name (see Burrows v 75-25 153rd St., LLC, 239 AD3d 564, 565 [1st Dept 2025]; see also Chernett v Spruce 1209, LLC, 200 AD3d 596, 597 [1st Dept 2021]). Specifically, plaintiff alleges that he was offered four different rent concessions of varying amounts with his initial 2020 lease, without any stated purpose. He also alleges that, even including the smaller rent concession offered with his first renewal lease, his rent increased significantly more than was permitted by the relevant Rent Guidelines Board order. Additionally, plaintiff had previously submitted evidence that defendant was marketing apartments in the building using the net effective rent resulting from prorating the concession (see Bascom v 1875 Atl. Ave Dev., LLC, 227 AD3d 767, 768 [2d Dept 2024] lv dismissed, 42 NY3d 965 [2024]). The concession riders should be evaluated under the totality of the circumstances in which they were made to determine whether the concessions were the functional equivalent of a preferential rent (see Matter of Century Operating Corp. v Popolizio, 60 NY2d 483, 488 [1983]; Chernett, 200 AD3d at 597; Burrows, 239 AD3d at 565).
Defendant's limited disclosure of hundreds of the same form rent concession rider that was silent as to its purpose is insufficient to dismiss plaintiff's claims at the pre-discovery stage (see Burrows, 239 AD3d at 565; see also Chernett, 200 AD3d at 597). Moreover, defendant's argument that the rent concessions were related to the COVID pandemic is undermined by defendant's acknowledgment that it was its practice from at least 2016 through 2022, without any stated purpose, to use the same form rent concession rider in varying contexts.
Furthermore, and as defendant acknowledges, following the enactment of the Housing Stability and Tenant Protection Act of 2019 (HSTPA) (L 2019, ch 36), the New York State Division of Housing and Community Renewal (DHCR) amended its fact sheet 40 to revise its earlier guidance that distinguished rent concessions from preferential rents (see Chernett, 200 AD3d at 598). As relevant here, the current version of DHCR's fact sheet 40 defines preferential rents more broadly as "a rent an owner agrees to charge that is lower than the legal regulated rent." Thus, while landlords may have relied on the former version of fact sheet 40 before the enactment of the HSTPA, it does not provide relevant guidance with respect to post-HSTPA rent concessions, such as plaintiff's here (id.).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025