■ HONTO 88 ASSOCIATES, L.P., Appellant, v CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered January 22, 1991, which denied petitioner-appellant's application for a judgment pursuant to CPLR article 78 declaring that respondents' changed interpretation of Real Property Tax Law § 421-a (2) may not be applied to the subject property and directing respondents to refund taxes paid by petitioner in consequence of this interpretation, and dismissed the petition, unanimously affirmed, without costs.

In plain and unambiguous language, the 1985 amendment to Real Property Tax Law § 421-a (2) provides that tax exemptions will not begin until the first day of the tax year following the taxable status date (here January 5, 1991) that occurs subsequent to the commencement and prior to the completion of construction. The IAS Court properly construed this statute so as to give effect to the plain meaning of the words used *(Matter of Alonzo M. v New York City Dept. of Probation,* 72 NY2d 662, 665). Petitioner's interpretation leads to the conclusion that the Legislature, in amending the statute, intended to preserve a previous interpretation directly addressed by that very amendment. It is this suggested interpretation, and not the literal interpretation applied by the respondents, that would produce an absurdity. We have considered the petitioner's other arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Kassal, JJ.