OPINION OF THE COURT
Stanley Parness, J.
*521 This is a motion for summary judgment by petitioner real property owner on its petition pursuant to RPTL article 7 for the application of an exemption from real property taxes pursuant to RPTL 421-a.
RPTL 421-a was originally enacted in 1971, allowing tax exemption on real property for up to 10 years to encourage new construction of multiple dwellings in New York City. In the instant matter, the correct application of subdivision (2) (a) is in dispute. Set forth herein are, respectively, the texts of the subdivision in its original and its currently amended forms.
"2. (a) Within a city having a population of one million or more, new multiple dwellings, except hotels, shall be exempt from taxation for local purposes, other than assessments for local improvements, during construction and so long as used for dwelling purposes for a period not to exceed ten years in the aggregate after the taxable status date immediately following the completion thereof, as follows:
"(i) except as otherwise provided herein there shall be full exemption from taxation during construction and for two years following the completion of construction;
"(ii) followed by two years of exemption from eighty per cent of such taxation;
"(iii) followed by two years of exemption from sixty per cent of such taxation;
"(iv) followed by two years of exemption from forty per cent of such taxation;
"(v) followed by two years of exemption from twenty per cent of such taxation” (RPTL 421-a [former (2) (a)]).
"2. (a)(i) Within a city having a population of one million or more, new multiple dwellings, except hotels, shall be exempt from taxation for local purposes, other than assessments for local improvements, for the tax year or years immediately following taxable status dates occurring subsequent to the commencement and prior to the completion of construction, but not to exceed three such tax years, and shall continue to be exempt from such taxation in tax years immediately following the taxable status date first occurring after the expiration of the exemption herein conferred during construction so long as used at the completion of construction for dwelling purposes for a period not to exceed ten years in the aggregate after the taxable status date immediately following the completion thereof, as follows:
"(A) except as otherwise provided herein there shall be full exemption from taxation during the period of construction or *522 the period of three years immediately following commencement of construction, whichever expires sooner, and for two years following such period;
"(B) followed by two years of exemption from eighty per cent of such taxation;
"(C) followed by two years of exemption from sixty per cent of such taxation;
"(D) followed by two years of exemption from forty per cent of such taxation;
"(E) followed by two years of exemption from twenty per cent of such taxation” (RPTL 421-a [2] [a].)
The amendment narrowed the tax exemption for the period "during construction” — potentially open-ended — to a period of no more than three years measured from the first tax status date after the beginning of construction to the tax status date immediately prior to the completion of construction. It has been held that the statute as amended should be interpreted according to its plain meaning (Honto 88 Assocs. v City of New York, 182 AD2d 403). It is undisputed that construction in the instant matter commenced on July 26, 1992. Thus, pursuant to RPTL 421-a (2) (a) (i), the exemption commenced by the beginning of the tax year following the first taxable status date to occur after July 26, 1992. It is undisputed that this date is January 5, 1993, for the tax year running from July 1, 1993 to June 30, 1994.
RPTL 421-a (2) (b) (the mini-tax provision) provides in pertinent part:
"(b) In addition to the taxes payable pursuant to the table above [RPTL 421-a (2) (a) (iv) (B)], the owner shall pay in each tax year in which full or partial exemption is in effect, real property taxes and assessments as follows:
"(i) real property taxes on the assessed valuation of such land and any improvements thereon in effect during the tax year preceding the commencement of such construction without regard to any exemption or abatement from real property taxation in effect prior to such construction which real property taxes shall be calculated on the tax rate in effect at the time such taxes are due”.
The legislative intent underlying the above provision appears to be to save the respondent revenue that would otherwise be lost during the construction, but before the completion of the exempt structure (see, Teleon Realty Corp. v City of New York, 88 Misc 2d 767, 772, affd as mod 68 AD2d *523 858, affd on opn below 50 NY2d 824; Matter of 645 First Ave. Manhattan Co. v Biderman, 138 Misc 2d 474, 476). Applying both provisions together and inasmuch as construction commenced on July 26, 1992 — in the 1992-1993 tax year running from July 1, 1992 to June 30, 1993 — the "tax year” preceding was 1991-1992. Therefore, the City contends the tax required pursuant to RPTL 421-a (2) (b) (mini-tax) is based on the 1991-1992 tax year’s assessed valuation in the amount of $12,591,000 (the year prior to construction).
Petitioner — referencing Administrative Code of the City of New York § 11-209 — contends that the assessed valuation base for the real property tax for the 1993-1994 tax year should be $9,247,500 for the land and $0 for the building for a total assessed valuation of $9,247,500, rather than the assessed valuation as asserted by respondent. Therefore, petitioner claims a refund of $358,556.94. The basis of the contention is said code section which provides that a building in the course of construction commenced from any 5th of January to the following 5th of January, and not ready for occupancy until the following April 15 "shall not be assessed”. Therefore, petitioner claims a complete exemption for any value other than the land itself for the 1993-1994 tax year, resulting in the lower assessed valuation.
Petitioner argues that the construction exemption contained in Administrative Code § 11-209 cannot be applied concurrently with the exemption under RPTL 421-a, pursuant to RPTL 421-a (2) (c) (i), and that therefore the construction exemption, rather than the mini-tax, must be applied to the subject property for the 1993-1994 tax year. Indeed, respondent maintains that Administrative Code § 11-209 is not an exemption at all, but rather a "limitation on assessment.” (Affidavit of Francine Schloss, Aug. 14, 1995, at 10.) The court agrees that there is nothing in either RPTL 421-a or Administrative Code § 11-209 to authorize deferment of the start of RPTL 421-a benefits to a later year so that the construction exemption could be implemented. "There is no provision for a taxpayer to pick and choose the years to which the exemption shall apply” (Teleon Realty Corp. v City of New York, supra, 88 Misc 2d, at 773). In choosing the benefits of RPTL 421-a, petitioner chooses to submit to the mini-tax provisions which the court finds to be correctly applied by the respondent in the instant proceeding. "Tax exemption statutes are in derogation of the sovereign authority of the state, and the courts do not favor them * * * and strictly construe enactments creating them” (McKinney’s *524 Cons Laws of NY, Book 1, Statutes § 294). "[W]here an exemption is not plainly expressed one will not be presumed * * * all doubts are resolved against an exemption, and in favor of the taxing power” (McKinney’s Cons Laws of NY, Book 1, Statutes § 294).
Accordingly, petitioner’s motion for partial summary judgment on its instant petition under RPTL article 7 to the extent of declaring void the mini-tax applicable to the 1993-1994 tax year, and annulling the revaluation of the subject property accordingly, and annulling the additional taxes imposed thereby are denied.