*577 Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered May 21, 2012, which denied and dismissed the petition brought pursuant to CPLR article 78 to annul a determination of respondent Department of Housing Preservation and Development (HPD), denying petitioner’s application for a tax exemption pursuant to RPTL 421-a, unanimously affirmed, without costs.
The determination was not arbitrary and capricious and was rational (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).
Section 421-a of the Real Property Tax Law provides for an exemption from local taxation for certain new multiple dwellings. It explicitly provides authority for a local housing agency in a city with a population of one million or more to exclude certain new multiple dwellings through the passage of a local law (see RPTL 421-a [2] [a] [i]).
In 2006, under Local Law 58 of 2006, Administrative Code of City of NY § 11-245.1-b was enacted, and made effective on December 28, 2007. Pursuant to that provision, tax exemption benefits under RPTL 421-a for buildings in New York City may only be provided to multiple dwellings with certificates of occupancy indicating that there are four or more dwelling units in the building. Specifically, the provision states: “(c) No benefits under section four hundred twenty-one-a of the real property tax law shall be conferred for any multiple dwelling containing fewer than four dwelling units, as set forth in the certificate of occupancy, unless the construction of such multiple dwelling is carried out with substantial assistance of grants, loans or subsidies from any federal, state or local agency or instrumentality where such assistance is provided pursuant to a program for the development of affordable housing.”
It is well settled that an “agency cannot promulgate rules or regulations that contravene the will of the Legislature. If an agency regulation is ‘out of harmony’ with an applicable statute, the statute must prevail” (Weiss v City of New York, 95 NY2d 1, 4-5 [2000] [internal citations omitted]). Further, a special local law which is inconsistent with a general law “must give way to the later general [law]” (Ling Ling Yung v County of Nassau, 77 NY2d 568, 570-571 [1991]).
Here, it was undisputed that the subject property’s certificate of occupancy states that there are three dwelling units in each building and that the development has not received any governmental assistance. It was also undisputed that construction on the property did not commence until June 2008. Thus, *578 it was rational for HPD to determine that petitioner was not entitled to RPTL 421-a tax exemption benefits.
Petitioner’s reliance on the “maisonette rule” (Rules of City of NY Dept of Hous Preserv & Dev [28 RCNY] § 6-02 [e] [1]), which allowed for partial tax exemption for garden-type maisonettes meeting certain criteria, even if the certificate of occupancy was issued for three units, is misplaced. While that rule was not formally repealed, it conflicts with Administrative Code § 11-245.1-b, and is effectively superseded by the newer law. Indeed, for projects, like this one, commenced after the effective date of Administrative Code § 11-245.1-b, that section’s requirement that the certificate of occupancy indicate that the dwelling contains four or more units in order to be eligible for tax benefits under RPTL 421-a governs.
We have considered petitioner’s remaining contentions and find them unavailing. Concur—Friedman, J.P., Saxe, Moskowitz and DeGrasse, JJ. [Prior Case History: 2012 NY Slip Op 31339(U).]