■ In the Matter of TRIBECA EQUITY PARTNERS, L.P., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [42 NYS3d 102]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered October 6, 2015, denying the petition seeking to annul the final determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated December 8, 2014, which denied petitioner's application for high income deregulation of the subject apartment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

RPTL 421-a (2) (f) (i) expressly provides that units subject to rent regulation pursuant to its provisions may be decontrolled pursuant to the Rent Regulation Reform Act of 1993, which provides for high income rent deregulation (*see* Administrative Code of City of NY §§ 26-403.1 [rent control], 26-504.3 [rent stabilization]). RPTL 421-a (2) (f) (ii), on the other hand, makes no provision for high income deregulation for units enjoying tax benefits thereunder beginning after the effective date of July 3, 1984. Instead, under subsection (ii), units are deregulated upon expiration of the tax benefit, provided the requisite notices have been provided to the tenant, or else when the unit becomes vacant. Petitioner concedes that, since it failed to provide the requisite notice (*see* 9 NYCRR 2520.11 [p] [2]), under RPTL 421-a (2) (f) (ii), the apartment will not be subject to deregulation until the tenant vacates.

Petitioner maintains that it is nonetheless entitled to seek deregulation under the generally applicable high income deregulation provisions. Petitioner is incorrect, as the Rent Stabilization Law high income and high rent deregulation provisions mirror RPTL 421-a (2) (f) (ii) in expressly excluding from high income and high rent deregulation apartments (like the subject apartment) that became regulated under RPTL

421-a after the effective date of July 3, 1984 (*see* Administrative Code §§ 26-504.1, 26-504.2 [a]).

Our decision in *Matter of 73 Warren St., LLC v State of N.Y. Div. of Hous. & Community Renewal* (96 AD3d 524, 529-530 [1st Dept 2012]), in which we stated that RPTL 421-a (2) (f) (i) "provides that after the expiration of the benefit, the building remains regulated but the owner may seek to deregulate apartments based on luxury decontrol," is consistent with this plain reading of the statute, as providing for luxury deregulation of apartments regulated under RPTL 421-a prior to July 3, 1984, but not for those regulated by it thereafter (*see Matter of RAM I LLC v New York State Div. of Hous. & Community Renewal*, 123 AD3d 102, 105 [1st Dept 2014], *appeal dismissed* 26 NY3d 1068 [2015]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.