| Singh v Silva |
|:---:|
| 2024 NY Slip Op 30561(U) |
| February 22, 2024 |
| Civil Court of the City of New York, Bronx County |
| Docket Number: Index No. L&T 327624-23/BX |
| Judge: Diane E. Lutwak |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

CIVIL COURT OF THE CITY OF NEW YORK
BRONX COUNTY:  HOUSING PART K-SPP
----------------------------------------------------------------X          L&T Index # 327624-23/BX
JEETENDRA SINGH,

                Petitioner-Landlord,


      -against-
                                              **DECISION & ORDER**

RUBEN SILVA,

                Respondent-Tenant,
MARLENE L. SILVA, ELIZABETH V. SILVA,
"JOHN DOE" and "JANE DOE",
                Respondents-Undertenants.
----------------------------------------------------------------X
Hon. Diane E. Lutwak, HCJ:


      Recitation, as required by CPLR Rule 2219(a), of the papers considered in the review of Respondents' summary judgment motion under CPLR R 3212:

| Papers | NYSCEF Doc # |
|---|---|
| Notice of Motion | 30 |
| Attorney's Affirmation in Support of Motion | 31 |
| Memorandum of Law in Support of Motion | 32 |
| Exhibits A-G in Support of Motion | 33-39 |
| Petition/Verified Answers | 1/8, 9 |
| Exhibits A-K in Support of Prior Discovery Motion | 14-24 |


FACTUAL & PROCEDURAL HISTORY


      This is a holdover eviction proceeding based upon a 90-day notice of nonrenewal of lease and termination of tenancy.  The petition states that respondent Ruben Silva is the tenant of the subject premises (Apartment 2 at 2296 Belmont Avenue in the Bronx) pursuant to a lease dated December 17, 2019 for the term of January 1 through December 31, 2020; the premises are not subject to rent regulation because the building contains less than six residential apartments and became vacant after June 30, 1971; and the tenant receives a Section 8 rent subsidy administered by the New York City Housing Authority (NYCHA).

      Respondent-tenant Ruben Silva and respondent-undertenant Marlene L. Silva (hereinafter "respondents") filed verified answers by counsel raising, *inter alia*, a defense of Rent Stabilization coverage based on the building's participation since 2010 in the New York State Real Property Tax Law (RPTL) § 421-a Tax Exemption Benefit Program.  Respondents

[* 1]

allege petitioner failed to provide them with the requisite lease, lease rider and notices pertaining to the effects of any expiration of the § 421-a tax exemption benefit.

Following settlement of respondents' discovery motion, and review of subpoenaed documents produced by the New York City Department of Housing Preservation and Development (HPD), respondents now move under CPLR R 3212 for summary judgment on their claim of Rent Stabilization coverage and failure to comply with RPTL § 421-a notice requirements. Accompanying the motion as exhibits are various documents produced by HPD in response to the subpoena: HPD letter dated February 26, 2010 stating that 2296 Belmont Avenue "has been deemed eligible for 421-a partial tax exemption benefits", subject to payment within 90 days of a fee of $5731.36; proof of such payment; a "Preliminary Certificate of Eligibility" (PCE) dated February 26, 2010; an application for a "Final Certificate of Eligibility" (FCE) dated February 23, 2018; and email correspondence between HPD and the prior owner of the building, Dharminder Singh, dated between August 17, 2018 and February 25, 2020, including an email dated January 21, 2020 notifying Mr. Singh that the property was "being referred for revocation due to non-compliance" and subsequent emails discussing steps to be taken to complete the FCE application process.

Respondents' motion also relies on documents submitted in support of their prior discovery motion, including: (1) NYCHA notice dated November 21, 2018 confirming approval of respondents' Section 8 subsidy and execution of a Housing Assistance Payments contract between NYCHA and the owner of 2296 Belmont Avenue, effective November 1, 2018 with a monthly contract rent of $2136, tenant share of $723 and subsidy of $1413; (2) NYCHA Section 8 noticed dated October 24, 2019 confirming completion of an annual review, effective November 1, 2019, with tenant share reduced to $0, NYCHA subsidy increased to $2136; (3) rent registration history from the New York State Division of Housing and Community Renewal showing respondents' apartment registered in February 2020 as Rent Stabilized for the years 2012 through 2019; (4) NYC Department of Finance (DOF) 2018/2019 tax bills for 2296 Belmont Avenue reflecting receipt of a 421-a tax exemption; and (5) DOF website printout showing 2296 Belmont Avenue subject to a 421-a tax exemption in the 2018-19 tax year.

Petitioner filed no opposition; however, his attorney asserted at oral argument that the motion should be denied as the 421-a tax exemption has been revoked.

DISCUSSION

Section 741(4) of the Real Property Actions and Proceedings Law (RPAPL) requires that the petition in a summary eviction proceeding, "(1) State the interest of the petitioner in the premises from which removal is sought. (2) State the respondent's interest in the premises and his relationship to petitioner with regard thereto. (3) Describe the premises from which removal is sought. (4) State the facts upon which the special proceeding is based. (5) State the relief sought." Where a tenancy is subject to a specific type of regulation, the general rule is that the petition must state the premises' regulatory status, as it may determine the scope of

[* 2]

the parties' rights and defenses. *MSG Pomp Corp v Jane Doe* (185 AD2d 798, 586 NYS2d 965 [1st Dep't 1992]); *Giannini v Stuart* (6 AD2d 418, 178 NYS2d 709 [1st Dep't 1958]); *Randall Assocs, LLC v Davis* (20 Misc3d 1116[A], 867 NYS2d 20 [Civ Ct NY Co 2008]).

RPTL § 421-a, entitled "Affordable New York Housing Program," is a real estate tax exemption program for owners of certain newly-constructed multiple dwellings. *Matter of Kew Gardens Dev Corp v Wambua* (103 AD3d 576, 961 NYS2d 48 [1st Dep't 2013]); *Lincoln Metrocenter Partners, LP v Tax Comm'n* (654 NYS2d 964, 171 Misc2d 520 [Sup Ct NY Co 1996]). For buildings participating in the 421-a tax exemption program, rents are "fully subject to control" under Rent Stabilization and/or the Emergency Tenant Protection Act of 1974. RPTL § 421-a(2)(f). *See Matter of Tribeca Equity Partners, LP v New York State Div of Hous & Community Renewal* (144 AD3d 554, 42 NYS3d 102 [1st Dep't 2016]); *and see generally Roberts v Tishman Speyer Props, LP* (62 AD3d 71, 874 NYS2d 97 [1st Dep't], *aff'd by and certified question answered by* 13 NY3d 270, 918 NE2d 900, 890 NYS2d 388 [2009]). Rent Stabilization status attaches to the apartments even if the building would otherwise be exempt from rent regulation. *Chernett v Spruce 1209, LLC* (200 AD3d 596, 596, 161 NYS3d 48 [1st Dep't 2021]); *North-Driggs Holdings, LLC v Burstiner* (44 Misc3d 318, 325, 986 NYS2d 318 [Civ Ct Kings Co 2014]). Rent stabilization coverage ends only after expiration of the § 421-a tax benefits, provided the requisite notices have been provided to the tenant, or when the unit becomes vacant. RPTL § 421-a(2)(f)(ii); *Tribeca Equity Partners, LP v New York State Div of Hous and Community Renewal* (144 AD3d 554, 554, 42 NYS3d 102, 103 [1st Dep't 2016]).

Here, respondents provided proof that the building received the 421-a tax benefit for the 2018-19 tax year, when they moved in. It follows that respondents' tenancy is subject to Rent Stabilization until the tax exemption expires and they are given proper notice. RPTL § 421-a(2)(f)(ii). While there is some indication in the email correspondence between HPD and the prior owner that HPD was considering revocation of the 421-a exemption, petitioner provided no proof of such revocation or that respondents were given proper notice.

The proponent of a summary judgment motion under CPLR R 3212 must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form to demonstrate the absence of any material issues of fact. *Winegrad v New York Univ Med Center* (64 NY2d 851, 476 NE2d 642, 487 NYS2d 316 [1985]); *Zuckerman v New York* (49 NY2d 557, 404 NE2d 718, 427 NYS2d 595 [1980]). Once this showing has been made, the burden shifts to the opposing party to produce evidence in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action. *Alvarez v Prospect Hospital* (68 NY2d 320, 324, 501 NE2d 572, 508 NYS2d 923, 925-926 [1986]); *Zuckerman v New York* (49 NY2d at 562, 427 NYS2d at 598).

Respondents have presented sufficient evidence to meet their initial burden on this motion, as the documents filed establish unequivocally that HPD approved the building for a 25-year, § 421-a real estate tax exemption in 2010, the apartment was in fact registered as Rent Stabilized with the DHCR for certain years, and respondents were not given any notice of either

[* 3]

the original § 421-a/Rent Stabilized status of their apartment when they moved in or, if in fact the tax exemption was thereafter revoked due to the building owner's non-compliance, any notice of such revocation and termination of Rent Stabilization status. The petition and predicate notice make no mention of any of this, and petitioner purports to proceed as if no such Rent Stabilization status pursuant to RPTL § 421-a applies to respondents' tenancy.

Petitioner has raised no material facts or legal authority to counter respondents' factual and legal assertions. Accordingly, "the eviction remedy sought by landlord does not lie." *Valentine Towers v Torres* (71 Misc3d 138[A], 145 NYS3d 755 [App Term 1st Dep't 2021]); *53-63 Partners, LP v Paez* (63 Misc3d 158[A], 115 NYS3d 798 [App Term 1st Dep't 2019]).

CONCLUSION

For the reasons stated above, it is hereby ORDERED that respondents' motion for summary judgment is granted, their counterclaim is severed[1], and this proceeding is dismissed, without prejudice. This constitutes the Court's Decision and Order, which is being uploaded on NYSCEF.

_____
Diane E. Lutwak, HCJ

Dated: Bronx, New York
        February 22, 2024

---

[1] While respondents raised a counterclaim for rent overcharge, and entitlement to a refund of any rent paid in excess of the legal rent from July 2019 through January 2023, they also acknowledge their participation in the federal Section 8 rent subsidy program and have provided copies of NYCHA letters showing their "Tenant Portion" was $723 effective November 1, 2018, reduced to $0.00 effective November 1, 2019 [NYSCEF Doc. #17]. As the "Tenant Portion" is generally based on the household's income, *see* 24 CFR Part 982, and not on the amount of rent charged, the substance of respondents' rent overcharge claim is not clear.