## Chernett v Spruce 1209, LLC

2025 NY Slip Op 32137(U)

June 16, 2025

Supreme Court, New York County

Docket Number: Index No. 159188/2020

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARLENE P. BLUTH**      PART      **14**

*Justice*

-------------------------------------------------------------------------------X

ELIZABETH CHERNETT, MICHAEL RAPIN, on behalf of themselves and all others similarly situated,

                Plaintiffs,

                - v -

SPRUCE 1209, LLC,

                Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 159188/2020 |
| **MOTION DATE** | 06/13/2025 |
| **MOTION SEQ. NO.** | 006 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 006) 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 181, 186, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211

were read on this motion to/for             SUMMARY JUDGMENT            .

Plaintiffs' motion for summary judgment is denied.

**Background**

This class action revolves around the interplay of a former state tax abatement initiative known as the 421-a Program and the initial rents a landlord may charge under this program. "Section 421–a of the Real Property Tax Law provides for an exemption from local taxation for certain new multiple dwellings. It explicitly provides authority for a local housing agency in a city with a population of one million or more to exclude certain new multiple dwellings through the passage of a local law" (*Kew Gardens Dev. Corp. v Wambua*, 103 AD3d 576, 577, 961 NYS2d 48 [1st Dept 2013]).

The program incentivized developers/landlords to build more housing by providing property tax exemptions. In exchange for this tax exemption, the apartments are classified as rent

159188/2020   CHERNETT, ELIZABETH vs. SPRUCE 1209, LLC          Page 1 of 6
Motion No. 006

1 of 6

stabilized, which means that the rent increases are set by the Rent Guidelines Board ("RGB"). The initial rent registered for each of the units is therefore critical as it is the basis from which these RGB rent increases are applied.

This Court previously denied defendant's motion to dismiss (NYSCEF Doc. No. 54) on the ground that there were significant issues to explore in discovery. Specifically, the Court observed that there was a dispute about the veracity of certain construction concessions offered to tenants. Plaintiffs insist that these concessions (offered in the form of a free month) were utilized to artificially reduce the rent amount registered with the applicable governmental agency when, in fact, there was no ongoing construction. Their view is that defendant was required to register the amount of rent charged and actually paid and that defendant used concessions to register a higher rent (and thereby charge more rent in subsequent years). Defendant insists that it properly offered concessions due to construction.

On appeal, The Appellate Division, First Department found that "We agree with the motion court that the allegations in the complaint warrant discovery to determine whether the concessions were functionally equivalent to a preferential rent" (*Chernett v Spruce 1209, LLC*, 200 AD3d 596, 161 NYS3d 48 [1st Dept 2021]).

Plaintiffs now move for summary judgment on the ground that defendant improperly used rent concessions to get around rules barring the use of preferential rents as the initial rent. They observe that because this was a new building, defendant was not permitted to use what amounted to a one-month rent waiver to ensure it could register a higher initial rent and then seek rent increases from that impermissible amount. Plaintiffs insist that the building was completed long before the first leases for the building were issued (which are from May 1, 2014). They contend that defendant submitted, as part of its final application for 421-a benefits, a

**159188/2020   CHERNETT, ELIZABETH vs. SPRUCE 1209, LLC**
**Motion No.  006**

**Page 2 of 6**

2 of 6

completion of construction affidavit stating that construction was completed on October 23, 2013. Plaintiffs also point to Street Easy ads from May 2014 that show that, for instance, the courtyard, the fitness center, the lobby and the façade were all done prior to anyone signing a lease.

In opposition, defendant contends that plaintiffs failed to make a prima facie showing for summary judgment. It observes that plaintiffs did not offer any first-hand evidence that construction was completed by the time the initial leases began. Defendant argues that this Court cannot accept unauthenticated Internet photos or the affirmation of plaintiffs' counsel as proof that the construction concessions were merely a means to register a higher initial rent.

Defendant also submits the affirmation of the leasing agent in the building, Mr. Maundrell, who insists that "[c]onstruction was ongoing at the Building during the lease-up period. Because of the length of time that has passed since I worked at the Building, I do not specifically remember what work was being done – just that it related to common spaces in the Building. Construction was ongoing with respect to the lounge, amenity spaces, roof deck, package room, and lobby" (NYSCEF Doc. No. 193, ¶ 6). Defendant also includes the affirmation of Mr. Schwartz, the manager of defendant, who swears that when defendant took over the building in April 2014 there was ongoing work at the building for the following nine months (NYSCEF Doc. No. 192 at 2). He attaches a "check and deposit register" which he claims shows there were many tasks to be completed throughout 2014 (NYSCEF Doc. No. 198).

In reply, plaintiffs emphasize that the building received a final certificate of occupancy in October 2013, seven months before leasing began, and that there were no outstanding tasks indicated. Plaintiffs also submit a purported expert affirmation, who contends that receiving a permanent certificate of occupancy means that there are no outstanding construction work

**159188/2020   CHERNETT, ELIZABETH vs. SPRUCE 1209, LLC**
**Motion No.  006**

**Page 3 of 6**

3 of 6

[* 3]

remaining (NYSCEF Doc. No. 206, ¶ 10). Plaintiffs' expert adds that "In my experience, I have never seen a permanent certificate of occupancy be granted for a structure on which construction was still ongoing" (*id.* ¶ 12).

**Discussion**

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 508 NYS2d 923 [1986]).

This Court's decision begins with the First Department's decision, which emphasized that "The motion court correctly denied defendant's motion, finding that the complaint stated a cause of action for overcharges based on an alleged fraudulent scheme to evade the requirements of the 421–a program so as to charge higher rents by providing "construction concessions" well after construction was complete" (*Chernett*, 200 AD3d at 597). In this Court's view, plaintiffs therefore had to show, as part of their prima facie burden, that the construction concessions were part of a scheme to charge higher rents. A necessary component of that showing is admissible evidence that construction was, in fact, completed thereby showing that the concessions were part of a fraudulent scheme.

For some reason, plaintiffs did not include any reference to deposition testimony or affidavits that contend that construction was completed when the first tenants moved in (and

**159188/2020   CHERNETT, ELIZABETH vs. SPRUCE 1209, LLC**
**Motion No. 006**

**Page 4 of 6**

signed the aforementioned construction concessions). For instance, plaintiffs did not attach an affidavit from a member of the class explaining their recollection of the building at the time they moved into the building (assuming this class member was one of the first tenants). Instead, plaintiffs point to the completion of construction affidavit (NYSCEF Doc. No. 167 at 58). Unfortunately, this document is not sufficient to meet plaintiffs' burden on this motion as a single affidavit submitted in connection with a filing to HPD lacks the requisite context necessary to award the drastic relief of summary judgment. Plaintiffs did not point to any deposition testimony in which they questioned a witness for defendant about the meaning of this document. Simply uploading this document, without more, is not sufficient for purposes of a summary judgment motion. Plaintiffs' attempt to submit an expert affidavit in reply is without merit as they cannot raise such contentions for the first time in reply.

The Court is also unable to consider the Street Easy advertisements as they were not submitted in admissible form (i.e., no one submitted an affirmation claiming that these photos accurately represented the condition of these amenities at a particular time); the pictures could have been staged or renderings for advertising purposes.

Even if the Court found that plaintiffs met their burden, defendant raised issues of fact with the affidavits of Mr. Schwartz (manager for defendant) and Mr. Maundrell (leasing agent), both of whom claim that construction was ongoing throughout 2014. On a motion for summary judgment, the Court cannot credit or discredit these witnesses' version of events.

The Court emphasizes that on a motion for summary judgment, the evidence adduced must show the absence of a material issues fact. Even if the Court overlooked plaintiffs' failure to make their prima facie burden, the fact is that the Court cannot conclude as a matter of law

**159188/2020   CHERNETT, ELIZABETH vs. SPRUCE 1209, LLC**
**Motion No.  006**

that construction was completed (and therefore that the concessions were part of a fraudulent scheme) on this record.

Accordingly, it is hereby

ORDERED that plaintiffs' motion for summary judgment is denied.

| 6/16/2025 | | | |
| --- | --- | --- | --- |
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159188/2020   CHERNETT, ELIZABETH vs. SPRUCE 1209, LLC**
**Motion No.  006**

**Page 6 of 6**

6 of 6

[* 6]