DAVID STEINLAUF, Respondent, v. DELANO ARMS, INC., Appellant.—

The challenged defense alleged that the lease agreement sued upon was illegal, void and unenforcible as a matter of law because, "as a requisite to such alleged renting, plaintiff was required to purchase certain furniture, furnishings and equipment contained in said apartment, which was illegal void and unenforceable, as a matter of law, in accordance with and by virtue of Sec. 63 of the Rent and Eviction Regulations of the Temporary State Housing Rent Commission." The prohibition of the section of the regulations relied upon by defendant is directed against the person requiring the purchase of the furniture or other property, and not against the tenant or prospective tenant for whose protection that section is intended. Under such circumstances, the agreement sued upon may be enforced by the plaintiff (cf. *Tracy* v. *Talmage*, 14 N. Y. 162, 182–183; *Richardson* v. *Crandall*, 48 N. Y. 348, 363; *O'Connor* v. *O'Connor*, 263 App. Div. 820, 821, affd. 288 N. Y. 579; *Bolivar* v. *Monnat*, 232 App. Div. 33, 38–39; Restatement, Contracts, § 601; 6 Corbin, Contracts, § 1540; 1 New York Law of Contracts, §§ 646, 647). Moreover, the lease agreement is divisible from the requirement for the purchase of furniture, and may be enforced despite the illegality of the latter (cf. *Curtis* v. *Leavitt*, 15 N. Y. 9, 96–97; *Ferkin* v. *Board of Educ.*, 278 N. Y. 263, 268; 6 Corbin, Contracts, § 1529; Restatement, Contracts, § 597; 1 New York Law of Contracts, § 657). The case (*Sturm* v. *Truby*, 245 App. Div. 357) relied on by defendant is readily distinguishable on its facts. Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.