■ In the Matter of EDWARD COFFINA, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and CHAMPION PROPERTIES, LLC, Intervenor-Respondent. [877 NYS2d 249]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered December 26, 2007, which denied the petition challenging the determination of the Division of Housing and Community Renewal (DHCR) that rejected the tenant's rent overcharge complaint, reversed, on the law, without costs, and the petition granted to the extent of remanding to DHCR for calculation of the legal regulated rent for the subject apartment beginning in 2002, consistent with the terms of the parties' 1994 lease and the actual legal regulated rent paid by petitioner in 2000 and 2001, plus any applicable rent increases approved by the rent guidelines board and DHCR.

Petitioner's argument that the parties intended the legal rent for the subject apartment to be the rent stated in the original lease, plus any statutory guideline increases, for the duration of the tenancy, is supported by the language in that lease (*see e.g. Matter of Pastreich v New York State Div. of Hous. & Community Renewal*, 50 AD3d 384 [2008]). The rent paid by petitioner in 2000 and 2001 was the legal regulated rent for apartment 1R and not a "preferential" rate (as per the terms of the 1994 lease and its riders). As such, the owner could not rely upon the 2003 rent law amendments authorizing an owner to change a prior-noticed "preferential" rate to a legal regulated rate upon a lease renewal (*see* Rent Stabilization Law of 1969 [Administra-

tive Code of City of NY] § 26-511 [c] [14]; Rent Stabilization Code [9 NYCRR] § 2521.2). On this record, DHCR's determination that the owner demonstrated his claimed right to a higher legal regulated rent was irrational since it was refuted by the terms of the 1994 lease and by the apparent intent of the parties to increase the legal regulated rent in the 2002 and 2004 lease renewals by the allowable percentages authorized by the rent guidelines board and DHCR. Concur—Tom, J.P., Mazzarelli and Moskowitz, JJ.

Nardelli and Catterson, JJ., concur in part and dissent in part in a separate memorandum by Nardelli, J., as follows: I agree with the majority that the petition should be granted to the extent of directing a new hearing as to what constitutes the legal rent, as well as whether petitioner was granted a preferential rent. The apparent inconsistencies between the filed registration statements and the original lease provisions present a question as to whether fraud was perpetrated, so as to warrant looking further back in the rental history than the four years authorized by Rent Stabilization Code (9 NYCRR) § 2521.2 (*see Thornton v Baron*, 5 NY3d 175, 180-181 [2005]).

Nevertheless, inasmuch as a hearing will be conducted, I find no reason, at this juncture, for the majority to conclude, inter alia, that the rent paid in 2000 and 2001 was the legal regulated rent for the apartment, or that the owner could not change the claimed "preferential" rate to the legal rate upon renewal. The purpose of the hearing is to ascertain what the legal rent should be. As written, the language of our decision will constrict the hearing examiner's search. [*See* 18 Misc 3d 1106(A), 2007 NY Slip Op 52429(U).]