■ In the Matter of 10TH STREET ASSOCIATES, LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [973 NYS2d 619]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered March 13, 2012, denying the petition to set aside the order of respondent New York State Division of Housing and Renewal (DHCR), dated May 24, 2011, insofar as it imposed the penalty of treble damages for a rent overcharge, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Petitioner failed to rebut the presumption arising from the finding of a rent overcharge that the overcharge was wilful (see Matter of Graham Ct. Owners Corp. v Division of Hous. & Community Renewal, 71 AD3d 515, 516 [1st Dept 2010]; Rent Stabilization Code [9 NYCRR] § 2526.1). As this Court found in a prior appeal, there was no mention of a preferential rent in the initial lease, so petitioner could not rely on the 2003 rent law amendments authorizing an owner to increase a preferential rent to a legal regulated rent upon renewal of the lease (see 61 AD3d 404 [1st Dept 2009] [citing Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-511 (c) (14); 9 NYCRR 2521.2], lv denied 13 NY3d 702 [2009]).

Nor, contrary to petitioner's contention, is its issuance of a rent credit permitted by the Rent Stabilization Code. While a tenant may recover an overcharge penalty by deducting it from the rent due, respondent Coffina made no such election (see 9 NYCRR 2526.1 [e]).

Petitioner's argument based on the filing agent's agreement was not raised in the administrative proceedings and may not be considered on appeal (see Matter of Yarbough v Franco, 95 NY2d 342, 347 [2000]). In any event, it is without merit. Concur—Tom, J.P., Andrias, Saxe, Freedman and Richter, JJ. **[Prior Case History: 34 Misc 3d 1240(A), 2012 NY Slip Op 50484(U).]**