Raphael v Vintage Grape & Grog, Ltd. (2020 NY Slip Op 06210)





Raphael v Vintage Grape & Grog, Ltd.


2020 NY Slip Op 06210


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Renwick, J.P., Gesmer, Kern, Singh, JJ. 


Index No. 159028/18 Appeal No. 12231 Case No. 2019-03297 

[*1]Hugh Raphael, Plaintiff-Appellant,
v
Vintage Grape & Grog, Ltd., Defendant-Respondent.


Abdul Hassan Law Group, PLLC, Queens Village (Abdul Karim Hassan of counsel), for appellant.
Granovsky & Sundaresh PLLC, New York (Denise Rubin Glatter of counsel), for respondent.



Appeal from order, Supreme Court, New York County (Gerald Lebovits, J.), entered April 29, 2019, which granted defendant's motion to dismiss the complaint as time-barred, deemed an appeal from the judgment, same court and Justice, entered May 29, 2019, dismissing the complaint, unanimously affirmed, with costs.
Defendant met its initial burden of demonstrating that the time within which plaintiff had to commence the cause of action had expired (see Labor Law §§ 198[3], 663[3]; Badzio v Americare Certified Special Servs., Inc., 177 AD3d 838, 840 [2d Dept 2019]; Waheed v Habib Bank Ltd., 53 Misc 3d 137[A] [NY App Term 2016]). Specifically, defendant submitted pay stubs, W-2 records, and 2013 and 2014 NYS Fourth Quarter Return Attachments, which convincingly showed plaintiff had not worked for it in over six years prior to his instituting the current action. In response, plaintiff's opposition papers, which were only supported by allegations of plaintiff's attorney, who lacked personal knowledge of the underlying facts, did not raise a question of fact as to whether the statute of limitations was tolled (see MTGLQ Invs., LP v Wozencraft, 172 AD3d 644, 645 [1st Dept 2019], lv dismissed 34 NY3d 1010 [2019]).
With regard to the plaintiff's contention that the statute of limitation should be equitably tolled, the applicable doctrine is equitable estoppel since plaintiff's complaint only alleged state causes of action, not federal ones (see Shared Communications Servs. of ESR, Inc. v Goldman, Sachs & Co., 38 AD3d 325, 325 [1st Dept 2007]). We find that the motion court properly determined that the doctrine of equitable estoppel did not apply because, in New York, an employer does not owe a fiduciary obligation to an at-will employee (see Weintraub v Phillips, Nizer, Benjamin, Krim, & Ballon, 172 AD2d 254 [1st Dept 1991]; Ingle v Glamore Motor Sales, Inc., 140 AD2d 493 [2d Dept 1988], affd 73 NY2d 183 [1989]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020