Burrows v 75-25 153rd St., LLC (2025 NY Slip Op 01669)

Burrows v 75-25 153rd St., LLC

2025 NY Slip Op 01669 [44 NY3d 74]

March 20, 2025

Garcia, J.

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, October 22, 2025

[*1]

Brian Burrows et al., Appellants,
v
75-25 153rd Street, LLC, Respondent.

Argued February 11, 2025; decided March 20, 2025

PROCEDURAL SUMMARY

Appeal, by permission of the Court of Appeals, from a judgment of the Supreme Court, New York County (Sabrina B. Kraus, J.), entered December 5, 2023. The appeal brings up for review an order of the Appellate Division of the Supreme Court in the First Judicial Department, entered April 13, 2023. The Appellate Division order, insofar as brought up for review, (1) reversed, on the law, an order of the Supreme Court, New York County (Shawn T. Kelly, J.; op 2021 NY Slip Op 32360[U] [2021]), which had denied defendant's motion to dismiss the complaint; and (2) granted the motion.

Burrows v 75-25 153rd St., LLC, 215 AD3d 105, modified.

HEADNOTE

Landlord and Tenant
 - Rent Regulation
 - Rent Overcharge Claim
 - Fraud Exception to Four-Year Lookback Rule
 - Reasonable Reliance

Reasonable reliance by a tenant on an owner's fraudulent representation of a regulated unit's rent or status is not required for the fraud exception to apply in a rent overcharge action. The fraud exception, applicable only to an overcharge claim, allows for review of the rental history outside the four-year lookback period and then solely to ascertain whether fraud occurred—not to furnish evidence for calculation of the base date rent or permit recovery for years of overcharges barred by the statute of limitations. The exception operates to protect not only current tenants, who may or may not have relied on a fraudulent representation, but future tenants and the overall rent regulatory system. Requiring that a tenant show reliance on a landlord's fraudulent representation would exempt an unscrupulous landlord in collusion with a tenant from the consequences of engaging in a scheme to evade the law's protection. Given the narrow purpose and scope of the fraud exception, there is no basis for imposing the pleading requirements of a common-law fraud claim. Instead, plaintiffs are required to put forth sufficient indicia of fraud or a colorable claim of a fraudulent scheme, but need not establish each element of a common-law fraud claim. 

POINTS OF COUNSEL

Newman Ferrara LLP, New York City (Roger A. Sachar and Lucas A. Ferrara of counsel), for appellants. I. The initial regulated rents at the building are unlawful. II. Based upon a footnote in Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal (35 NY3d 332 [2020]), the First Department held that tenants must satisfy a common-law fraud to survive dismissal in a rent overcharge case. (Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358; Conason v Megan Holding, LLC, 25 NY3d 1.) III. Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal (35 NY3d 332 [2020]) footnote 7 is now subject to conflicting interpretations. (Vermeer Owners v Guterman, 78 NY2d 1114; Ambac Assur. Corp. v Countrywide Home Loans, Inc., 31 NY3d 569; Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817; Matter of Lavanant v State Div. of Hous. & Community Renewal, 148 AD2d 185; Matter of Old Republic Life Ins. Co. v Thacher, 12 NY2d 48.) IV. The clarifying legislation (L 2023, ch 760, as amended by L 2024, ch 95) requires reversing the Appellate Division order. (Matter of Obiora v New York State Div. of Hous. & Community Renewal, 77 AD3d 755; People v Marrero, 69 NY2d 382; Stauber v Antelo, 163 AD2d 246.) V. Public policy suggests that this Court should reverse the Appellate Division order. (Grady v Hessert Realty L.P., 178 AD3d 401.) VI. Rent concessions are a "term and condition" of a rent-stabilized tenancy, and must be renewed, absent justification for the concession. (Flynn v Red Apple 670 Pac. St., LLC, 200 AD3d 607; Chernett v Spruce 1209, LLC, 200 AD3d 596; Wise v 1614 Madison Partners, LLC, 214 AD3d 550.) VII. The Appellate Division order's Division of Housing and Community Renewal Fact Sheet No. 40 analysis is fundamentally flawed. (Clark v Cuomo, 66 NY2d 185; Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd., 41 NY2d 84; Andryeyeva v New York Health Care, Inc., 33 NY3d 152; 435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC, 56 Misc 3d 772; Matter of Elizabeth St. Garden, Inc. v City of New York, 42 NY3d 992.)
Rosenberg & Estis, P.C., New York City (Deborah Riegel and Ethan R. Cohen of counsel), for respondent. I. Tenants' rent overcharge claims challenging the initial legal regulated rents are time-barred. (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332; Conason v Megan Holding, LLC, 25 NY3d 1; Reich v Belnord Partners, LLC, 168 AD3d 482.) II. Tenants did not and cannot advance a colorable claim of a fraudulent deregulation scheme, which is required to overcome the statute of limitations. (Hebrew Inst. for Deaf & Exceptional Children v Kahana, 57 AD3d 734; Raphael v Vintage Grape & Grog, Ltd., 187 AD3d 672; MTGLQ Invs., LP v Wozencraft, 172 AD3d 644; Thornton v Baron, 5 NY3d 175; Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358.) III. Tenants did not oppose landlord's alternative point that tenants were never overcharged. (Consolidated Rest. Operations, Inc. v Westport Ins. Corp., 205 AD3d 76.) IV. The First Department correctly dismissed Sam Waller's separate Housing Stability and Tenant Protection Act rent concession claim. (Arrowhead Capital Fin., Ltd. v Cheyne Specialty Fin. Fund L.P., 32 NY3d 645; Quain v Buzzetta Constr. Corp., 69 NY2d 376; Henry v New Jersey Tr. Corp., 39 NY3d at 367; Matter of La Barbera v Housing & Dev. Auth. of City of N.Y., 44 AD2d 835; Matter of Bandil Farms Inc. v New York State Div. of Hous. & Community Renewal, 190 AD3d 403.)
Letitia James, Attorney General, New York City (Daniel S. Magy, Barbara D. Underwood and Judith N. Vale of counsel), for Attorney General of the State of New York, amicus curiae. I. I. The Appellate Division erred in requiring plaintiffs to establish reasonable reliance to invoke the fraud exception. (Aras v B-U Realty Corp., 221 AD3d 5; Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20; Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817; State of New York v Sonifer Realty Corp., 212 AD2d 366; People v Greenberg, 27 NY3d 490.) II. The clarifying legislation (L 2023, ch 760, as amended by L 2024, ch 95) independently requires reversal of the Appellate Division's decision. (Kimmel v State of New York, 29 NY3d 386; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577; Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117; Genovese v Nationstar Mtge. LLC, 223 AD3d 37; Germania Sav. Bank v Village of Suspension Bridge, 159 NY 362.)
The Legal Aid Society, New York City (Evan Henley and Edward Josephson of counsel), for The Legal Aid Society, amicus curiae. I. The laws developing the foundation for the concept of "fraudulent scheme to deregulate" were intended to alleviate the burden on honest landlords, not to immunize dishonest ones from compliance with the law. (Drucker v Mauro, 30 AD3d 37; Steinlauf v Delano Arms, 15 AD2d 964; Riverside Syndicate, Inc. v Munroe, 10 NY3d 18; Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332.) II. The definition of "fraudulent scheme to deregulate," based on rent stabilization's regulatory context and the 2023 amendments (L 2023, ch 760, as amended by L 2024, ch 95), broadly refers to any scheme calculated to obtain excessive rent increases and/or increase tenant dislocation and should apply to claims involving Real Property Tax Law § 421-a buildings that accrued prior to the amendments. (Matter of Partnership 92 LP v State of N.Y. Div. of Hous. & Community Renewal, 11 NY3d 859; Matter of Boyd v New York State Div. of Hous. & Community Renewal, 23 NY3d 999; Continental Cas. Co. v PricewaterhouseCoopers, LLP, 15 NY3d 264; Merry Realty Co. v Shamokin & Hollis Real Estate Co., 230 NY 316; NYNEX Corp. v Discon, Inc., 525 US 128.) III. Plaintiffs-appellants have sufficiently alleged a fraudulent scheme to deregulate. (Leon v Martinez, 84 NY2d 83; Godfrey v Spano, 13 NY3d 358; Zitman v Sutton LLC, 195 AD3d 483; Wise v 1614 Madison Partners, LLC, 214 AD3d 550; Bogatin v Windermere Owners LLC, 98 AD3d 896.) IV. Plaintiffs-appellants have adequately alleged their declaratory judgment claims regarding the amount of the legal regulated rent. (Krieger v Krieger, 25 NY2d 364; Matter of West 147 & 150, LLC v New York State Div. of Hous. & Community Renewal, 191 AD3d 419; Matter of Coffina v New York State Div. of Hous. & Community Renewal, 61 AD3d 404; Matter of Pastreich v New York State Div. of Hous. & Community Renewal, 50 AD3d 384.)
Katsky Kornis, LLP, New York City (Adrienne B. Koch and Mark Walfish of counsel), for New York Apartment Association and another, amici curiae. I. The Court should clarify that only a tenant who was actually charged more than the Rent Stabilization Law would permit has standing to bring an overcharge claim. (Commonwealth of Pennsylvania Pub. Sch. Employees' Retirement Sys. v Morgan Stanley & Co., Inc., 25 NY3d 543; Lynn G. v Hugo, 96 NY2d 306; Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d 382.) II. The Court should clarify that—both under prior law and under the new statute—the only kind of "fraudulent scheme" that can lead to application of the default formula is one aimed at deregulating an apartment. (Long v State of New York, 7 NY3d 269; Matter of Tribeca Equity Partners, L.P. v New York State Div. of Hous. & Community Renewal, 144 AD3d 554; Casey v Whitehouse Estates, Inc., 197 AD3d 401; 435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC, 183 AD3d 509; Montera v KMR Amsterdam LLC, 193 AD3d 102.) III. If the Court does not affirm the dismissal of appellants' overcharge claims on one or both of the foregoing grounds, it should do so on the ground that the undisputed facts preclude a finding of a fraudulent scheme. (Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 68 AD3d 29; Conason v Megan Holding, LLC, 25 NY3d 1; Pension Benefit Guaranty Corporation v R. A. Gray & Co., 467 US 717; James Sq. Assoc. LP v Mullen, 21 NY3d 233; Landgraf v USI Film Products, 511 US 244.)
Himmelstein McConnell Gribben & Joseph LLP, New York City (Ronald S. Languedoc of counsel), for Tenant Voices and another, amici curiae. I. Housing Stability and Tenant Protection Act part F (L 2019, ch 36, § 1, part F) applies to all claims "filed after" its effective date. (Burrows v 75-25 153rd St., LLC, 215 AD3d 105; Forti v New York State Ethics Commn., 75 NY2d 596; Matter of Raynor v Landmark Chrysler, 18 NY3d 48; 300 Wadsworth LLC v New York State Div. of Hous. & Community Renewal, 210 AD3d 454; Matter of 4040 BA LLC v New York State Div. of Hous. & Community Renewal, 221 AD3d 440.) II. Even under pre-Housing Stability and Tenant Protection Act law, records justifying preferential rents were reviewable. (Portofino Realty Corp. v New York State Div. of Hous. & Community Renewal, 193 AD3d 773; Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib., 2 NY3d 249; New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194.)

{**44 NY3d at 79} OPINION OF THE COURT

Garcia, J.

In this rent overcharge action, plaintiffs allege that defendant engaged in a fraudulent scheme that resulted in unlawfully inflated rents. The issue here is whether, to invoke the fraud exception, which permits a tenant to bring overcharge claims arising from a landlord's conduct outside the four-year statute of limitations and rental history "lookback" period, a plaintiff must show reasonable reliance on the landlord's alleged deceptive acts. We now clarify that, for the fraud exception to apply, a plaintiff need not demonstrate each element of common-law fraud, including reliance. To withstand a motion to dismiss, a complaint must instead, consistent with our precedent, allege sufficient indicia of fraud.
Plaintiffs are tenants of a building in Queens that participates in the Real Property Tax Law § 421-a program, which grants tax benefits to owners in exchange for making all units in the building subject to the rent stabilization laws and imposes additional regulatory requirements on owners. In 2020, plaintiffs commenced this rent overcharge putative class action against defendant, alleging a fraudulent scheme pursuant to which the building's previous owner registered a preferential rent as well as a higher legal regulated rent as the units' initial legal regulated rent, and by doing so was able to calculate increases far greater than legally permissible, in violation of Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of NY) § 26-517 (a) (4) and Rent Stabilization Code (RSC) (9 NYCRR) § [*2]2521.1 (g). This scheme, according to plaintiffs' complaint, lasted for many years and affected hundreds of tenants. Furthermore, plaintiffs allege that defendant later sought to conceal this conduct by registering a legal regulated rent that matched the preferential rent, making the correct rent unknowable without discovery.
Defendant moved to dismiss, in part based on the expiration of RSL § 26-516 (a)'s four-year statute of limitations because the initial rent was registered in 2007, 13 years before the complaint was filed. Defendant argued that plaintiffs were not entitled to application of the fraud exception because they could not demonstrate reasonable reliance on the improper filing of the initial legally regulated rent and the preferential rent, as both numbers were shown in the units' registration history and in plaintiffs' leases. Supreme Court denied the motion, holding that plaintiffs had alleged "sufficient indicia of fraud" to invoke {**44 NY3d at 80}the fraud exception (2021 NY Slip Op 32360[U], *5-6 [Sup Ct, NY County 2021]). Supreme Court denied reargument, again explaining that plaintiffs had alleged "sufficient indicia of fraud" and "do not need to demonstrate fraud conclusively to survive a motion to dismiss" (2021 NY Slip Op 33356[U], *4 [Sup Ct, NY County 2022]).
The Appellate Division reversed and granted defendants' motion to dismiss solely because "neither plaintiffs nor any of their predecessors could have reasonably relied on the inflated 'legal regulated rent' figures that appeared on the face of the registration statements" and in each tenant's lease and "since plaintiffs' claims are based upon inflated figures for legal regulated rents that were registered far more than four years before the commencement of this action in 2020, their claims are time-barred" (215 AD3d 105, 112-113 [1st Dept 2023]). That Court, relying on a footnote in Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal (35 NY3d 332, 356 n 7 [2020]), held that "[r]easonable reliance is an element of fraud for purposes of evading the four-year lookback restriction for pre-[Housing Stability and Tenant Protection Act of 2019] overcharge claims," and so "the undisputed disclosure in the publicly available rental histories of the discrepant figures for legal regulated rent and preferential rent negates any inference of fraud as a matter of law" (215 AD3d at 113 [internal quotation marks and citation omitted]). We granted leave to appeal (see 41 NY3d 906 [2024]), and now modify the Appellate Division order. Reasonable reliance by a tenant on an owner's fraudulent representation of a regulated unit's rent or status is not required for the fraud exception to apply in a rent overcharge action.
Twenty years ago, this Court recognized an exception to the four-year lookback period provided in RSL § 26-516 (a). In Thornton v Baron, subtenants, who, along with tenants, "conspired with the owner to circumvent rent stabilization," brought a rent overcharge claim seven years after the filing of the rent registration (5 NY3d 175, 178 [2005]). In addressing whether the lower courts properly determined the legal regulated rent, this Court held that "an attempt to circumvent the Rent Stabilization Law" is a "violation of the public policy of New York," and permitted the use of the default formula in fixing the base date rent (id. at 181; see RSC § 2522.6). The Court reached this holding "[a]lthough the subtenants who brought the overcharge complaint themselves had unclean{**44 NY3d at 81} hands" because "the principle we establish here will apply equally to innocent renters" (id.). Thornton's rule was not intended, as the dissent characterized it, to benefit "one wrongdoer . . . at the expense of another," but rather to ensure that "no wrongdoer may benefit at the expense of the public" (id. at 182). While acknowledging that "the Rent Regulation Reform Act of 1997 . . . clarified and reinforced the four-year statute of limitations applicable to rent overcharge claims . . . by limiting examination of the rental history of housing accommodations prior to the four-year period preceding the filing of an overcharge complaint," the Court explained that the legislation's purpose was "to alleviate the burden on honest landlords to retain rent records indefinitely . . . , [but] not to immunize dishonest ones from compliance with the law" (id. at 180-181). Otherwise, "a landlord whose fraud remains undetected for four years—however willful or egregious the violation—would, simply by virtue of having filed a registration statement, transform an illegal rent into a lawful assessment that would form the basis for all future rent increases" (id. at 181). Application of the fraud exception under the appropriate circumstances prevents that outcome.
Five years later, in reviewing a CPLR article 78 petition challenging a Division of Housing and Community Renewal (DHCR) determination denying an overcharge claim, this Court applied the exception and explained its applicability "where the overcharge complaint alleges fraud" (Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 366 [2010]). While cautioning that "an increase in the rent alone will not be sufficient to establish a 'colorable claim of fraud,' " the Court held that the four-year lookback period may be disregarded where "there existed substantial indicia of fraud on the record" (id. at 366-367). We explained that the limited lookback period was intended to "effectuate the purpose of the four-year limitations period" but applied Thornton's exception to require DHCR to "ascertain whether the rent on the base date is a lawful rent" (id. at 365-366).
[*3]
Again in 2015, we applied the fraud exception to the statute of limitations, although defendant's fraud was clear from publicly available documents, because plaintiffs "advance a colorable claim of fraud within the meaning of Grimm—i.e., tenants alleged substantial evidence pointing to the setting of an illegal rent in connection with a stratagem devised by [defendant]{**44 NY3d at 82} to remove tenants' apartment from the protections of rent stabilization" (Conason v Megan Holding, LLC, 25 NY3d 1, 16 [2015]). There we explained that "Thornton and Grimm dictate the resolution of the parties' dispute about how the four-year statute of limitations" applies, and as a result held that the lower court had "properly considered tenants' counterclaim alleging rent overcharges notwithstanding expiration of the four-year statute of limitations" (id. at 12-13, 16). In other words, because there was "unrefuted proof of fraud in the record," the statute of limitations "merely limit[ed] tenants' recovery to those overcharges occurring during the four-year period immediately preceding [plaintiff's] rent challenge, and . . . the lawful rent on the base date must be determined by using the default formula" (id. at 6).
The Court recently reaffirmed the fraud exception in Regina, explaining that there is a "limited common-law exception to the otherwise-categorical evidentiary bar" of the four-year lookback period and that it applies "only in the limited category of cases where the tenant produced evidence of a fraudulent scheme to deregulate and, even then, solely to ascertain whether fraud occurred—not to furnish evidence for calculation of the base date rent or permit recovery for years of overcharges barred by the statute of limitations" (35 NY3d at 354-355). Contrasting Thornton, Grimm, and Conason with the pleadings at issue in Regina—so-called Roberts overcharge claims (see Roberts v Tishman Speyer Props., L.P., 13 NY3d 270 [2009]) involving the deregulation of units "not based on a fraudulent misstatement of fact but on a misinterpretation of the law"—the Court held that "the fraud exception to the lookback rule is generally inapplicable to Roberts overcharge claims" (35 NY3d at 356). A footnote to this discussion in Regina described the elements of common-law fraud (id. at 356 n 7), and that footnote has been interpreted by some courts, including the Appellate Division below, to impose a requirement that tenants demonstrate all elements of a common-law fraud cause of action to avail themselves of the fraud exception to the lookback rule (see e.g. 215 AD3d at 112-114; Aras v B-U Realty Corp., 221 AD3d 5, 11-12 [1st Dept 2023]; Gridley v Turnbury Vil., LLC, 196 AD3d 95, 101 [2d Dept 2021]). There is no such requirement.
The Regina footnote was intended only to highlight the difference between a standard Roberts claim, where deregulation was done in good faith, and those in which "tenants came {**44 NY3d at 83}forward with evidence of fraud" (Regina, 35 NY3d at 356). It was not meant to alter the showing required to invoke the fraud exception. Indeed, Regina reaffirms our traditional approach to the fraud exception, which does not include a requirement that tenants demonstrate reasonable reliance on owners' allegedly fraudulent conduct (here, registration of the initial legally regulated rent). As the cases the Court discussed in Regina made clear, even tenants with "unclean hands" may invoke the fraud exception to ascertain whether fraud occurred for purposes of showing entitlement to the default formula for calculating overcharges (35 NY3d at 355-356; Thornton, 5 NY3d at 181).
A reliance requirement would be misplaced; the fraud exception serves a far different purpose than an allegation of common-law fraud. The fraud exception, applicable only to an overcharge claim, simply allows for review of the rental history outside the four-year lookback period and then, as discussed, "solely to ascertain whether fraud occurred—not to furnish evidence for calculation of the base date rent or permit recovery for years of overcharges barred by the statute of limitations" (Regina, 35 NY3d at 355). The exception operates to protect not only current tenants, who may or may not have relied on a fraudulent representation, but future tenants and the overall rent regulatory system. Requiring that a tenant show reliance on a landlord's fraudulent representation would exempt an "unscrupulous landlord in collusion with a tenant" from the consequences of engaging in a scheme to evade the law's protection (Thornton, 5 NY3d at 181). Given the narrow purpose and scope of the fraud exception, there is no basis for imposing the pleading requirements of a common-law fraud claim. Instead, we require plaintiffs to put forth "sufficient indicia of fraud" or a "colorable claim" of a fraudulent scheme but do not impose a burden to establish each element of a common-law fraud claim.
On a motion to dismiss, the complaint must be construed in the light most favorable to plaintiff and all factual allegations must be accepted as true; "[w]hether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; see also 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 [2002] ["Dismissal under CPLR 3211 (a) (1) is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (internal quotation marks {**44 NY3d at 84}and citation omitted)]). As Supreme Court noted here, a plaintiff need not "demonstrate fraud conclusively to survive a motion to dismiss" (2021 NY Slip Op 33356[U], *4), and we hold [*4]today that reasonable reliance is not a required element for the fraud exception to apply. But, as has long been required, to invoke the fraud exception, a plaintiff must allege sufficient indicia of fraud, or a colorable claim of a fraudulent scheme to evade the protections of the rent stabilization laws, to withstand a motion to dismiss on statute of limitations grounds. Such allegations must include more than an assertion that a tenant was overcharged—a mere allegation of a high rent increase is insufficient for the fraud exception to apply (see Matter of Boyd v New York State Div. of Hous. & Community Renewal, 23 NY3d 999 [2014]; Grimm, 15 NY3d at 367). We address only the reliance issue here. On remittal the Appellate Division should apply our established standard—assessing whether plaintiffs' complaint alleges sufficient indicia of fraud or a colorable claim of a fraudulent scheme "to remove tenants' apartment from the protections of rent stabilization" (Conason, 25 NY3d at 16)—in considering whether the fraud exception applies.[FN*]
The Appellate Division properly granted defendant's motion to dismiss with respect to one plaintiff's overcharge claim based on a two-month rent concession, holding that, as to that claim, the complaint was "legally insufficient" (215 AD3d at 115). Defendant's documentary evidence submitted with its motion to dismiss refutes plaintiffs' allegations that defendant improperly revoked a preferential rent upon plaintiff's lease renewal because, pursuant to agency guidance applicable at the time, plaintiff's rent concession was not a prorated concession but instead a limited concession for a specified period. That portion of the Appellate Division order is therefore affirmed.{**44 NY3d at 85}
Accordingly, the judgment appealed from and so much of the Appellate Division order brought up for review should be modified, without costs, by remitting to the Appellate Division for further proceedings in accordance with this opinion and, as so modified, affirmed.
Chief Judge Wilson and Judges Rivera, Singas, Cannataro, Troutman and Halligan concur.
Judgment appealed from and so much of the Appellate Division order brought up for review modified, without costs, by remitting the case to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.

Footnotes

Footnote *:Plaintiffs argue that "clarifying" legislation signed into law in 2024 provides an independent basis for reversal because it specifies that
"there need not be a finding that all of the elements of common law fraud, including evidence of a misrepresentation of material fact, falsity, scienter, reliance and injury, were satisfied in order to make a determination that a fraudulent scheme to deregulate a unit was committed if the totality of the circumstances nonetheless indicate that such fraudulent scheme to deregulate a unit was committed" (L 2024, ch 95, § 4).
&commat;f2Given our holding that a showing on each element of common-law fraud is not a requirement for invocation of the fraud exception, we need not address to what extent this legislation differs from our common-law rule, and, if there is any difference, the impact or applicability of that legislation.