Burrows v 75-25 153rd St., LLC (2025 NY Slip Op 06644)

Burrows v 75-25 153rd St., LLC

2025 NY Slip Op 06644

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Kennedy, J.P., Friedman, Kapnick, Mendez, Shulman, JJ. 

Index No. 160082/20|Appeal No. 17103-17104|Case No. 2021-04654 2022-02533|

[*1]Brian Burrows et al., Plaintiffs-Respondents,
v
75-25 153rd Street, LLC, Defendant-Appellant. 

Rosenberg & Estis, P.C., New York (Deborah Riegel of counsel), for appellant.
Newman Ferrara LLP, New York (Roger A. Sachar of counsel), for respondents.

Upon remittitur from the Court of Appeals (44 NY3d 74 [2025]), Order, Supreme Court, New York County (Shawn T. Kelly, J.), entered on or about November 19, 2021, which denied defendant's motion to dismiss the complaint, unanimously affirmed as modified, without costs. Appeal from order, same court and Justice, entered on or about May 6, 2022, which effectively granted defendant's motion for leave to reargue, and, upon reargument, adhered to its original decision, unanimously affirmed, without costs.
This Court previously found that plaintiffs' putative class action complaint for rent overcharges failed to allege a fraudulent scheme to remove the apartments from rent stabilization protections "because neither plaintiffs nor their predecessors in interest could have reasonably relied upon the inflated legal regulated rents on the registration statements" (Burrows v 75-25 153rd St., LLC, 215 AD3d 105, 109 [1st Dept 2023], affd as mod, 44 NY3d 74 [2025]). This Court concluded that because plaintiffs' claims were "based upon inflated figures for legal regulated rents that were registered far more than four years before the commencement of this action in 2020, their claims are time-barred" (id. at 112). We also dismissed plaintiff Sam Waller's claims arising under his rent concession rider, which was affirmed by the Court of Appeals (44 NY3d at 84) and is not disturbed on remittitur. As relevant here, the Court of Appeals modified this Court's order to the extent of finding "[r]easonable reliance by a tenant on an owner's fraudulent representation of a regulated unit's rent or status is not required for the fraud exception to apply in a rent overcharge action" (44 NY3d at 80) and remitted the case to this Court for further proceedings consistent with the opinion (id. at 85).
Following the entry of this Court's order, the Legislature enacted amendments to the Rent Stabilization Law and Code relating to establishing fraud in the context of the rent regulatory scheme, which apply to all claims pending as of December 22, 2023, including the claims here (L 2023, ch 760; L 2024, ch 95; Gomes v Vermyck, LLC, 238AD3d 26 [2d Dept 2025]). The Court of Appeals declined to address the extent to which these amendments "differ[ ] from our common law rule, and, if there is any difference, the impact or applicability of that legislation" (44 NY3d at 84 n 1).
Based on the foregoing, we find that plaintiffs have adequately pleaded facts, which, if established, could support a finding of fraud by alleging that defendant and its predecessor's use of preferential rents in contravention of Rent Stabilization Code (9 NYCRR) § 2521.1(g) was a stratagem employed to increase the rents above the amounts permitted by statute. Viewed in the totality of the circumstances, an owner registering an arbitrary and fictitious first rent that was not actually charged and paid as the legal regulated rent, in order to avail itself of excessive rent increases, would constitute a fraud against the regulatory system itself if established (see e.g. Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 362 [2010] [finding the "base date rent may not be used as a basis for calculating subsequent regulated rent if fraud is indeed present"]). Thus, defendant's bare assertion that plaintiffs were not overcharged did not meet their burden on a CPLR 3211 motion (see Burrows, 44 NY3d at 83 ["On a motion to dismiss, the complaint must be construed in the light most favorable to plaintiff and all factual allegations must be accepted as true"]).
Accordingly, we find that plaintiffs' claims should proceed to be determined by the motion court on a complete record (see e.g. 13 E. 124 LLC v Taylor, 236 AD3d 562, 563 [1st Dept 2025]). Thus, the orders, as modified to dismiss plaintiff Sam Waller's claims arising under his rent concession rider, are affirmed.
The Decision and Order of this Court entered herein on June 26, 2025 (239 AD3d 564 [1st Dept 2025]) is hereby recalled and vacated (see M-4125, decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025