Aras v B-U Realty Corp. (2026 NY Slip Op 00637)

Aras v B-U Realty Corp.

2026 NY Slip Op 00637

Decided on February 11, 2026

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026

No. 10 

[*1]Leisa Aras, et al., Appellants, Catherine Schwartz, et al., Plaintiffs,
vB-U Realty Corp. et al., Respondents.

Damon P. Howard, for appellants. 
Michael Littman, for respondents. 
New York Apartment Association et al., Housing Rights Initiative, Inc. et al., amici curiae.

MEMORANDUM:
The order, insofar as appealed from, should be reversed, with costs, the case remitted to the Appellate Division for further proceedings in accordance with this memorandum, and the certified question answered in the negative.
The order appealed from was issued before this Court's decision in Burrows v 75-25 153rd St., LLC (44 NY3d 74 [2025]), which made clear that, "for the fraud exception [to the four-year lookback period in Rent Stabilization Law § 26-516 (a)] to apply, a plaintiff need not demonstrate each element of common-law fraud" and instead must "put forth 'sufficient indicia of fraud' or a 'colorable claim' of a fraudulent scheme" (id. at 83; see also id. at 82 [noting that some courts, including the Appellate Division in the instant case, have improperly "impose(d) a requirement that tenants demonstrate all elements of a common-law fraud cause of action to avail themselves of the fraud exception to the lookback rule"]). Accordingly, on remittal that standard should be applied in determining whether plaintiffs have made a showing sufficient to invoke the fraud exception.
Order insofar as appealed from, reversed, with costs, case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein, and certified question answered in the negative. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided February 11, 2026