| Dougherty v E.B.D. Assoc. |
|:---:|
| 2026 NY Slip Op 30889(U) |
| March 12, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 151589/2016 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    <u>HON. PAUL A. GOETZ</u>      PART      47

*Justice*

---------------------------------------------------------------------------------X

MELISSA DOUGHERTY,

         Plaintiff,

     - v -

E.B.D. ASSOCIATES, E.B.D. ASSOCIATES
LLC,BUCHBINDER & WARREN LLC,CHANA BEN-DOV

         Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151589/2016 |
| MOTION DATE | 07/11/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177

were read on this motion to/for            JUDGMENT - SUMMARY       .

In this rent overcharge action, plaintiff moves for summary judgment against defendants E.B.D. Associates, E.B.D. Associates LLC (together "EBD"), Buchbinder & Warrant LLC (the manager), and Chan Ben-Dov (collectively, defendants), seeking: (1) a declaratory judgment that her apartment was at all times covered by the Rent Stabilization Law (RSL) and Rent Stabilization Code (RSC) and that defendants were required to comply with those laws with respect to her apartment; (2) money damages for defendants' alleged overcharge, with the base date rent and rent increases determined based on defendants' alleged fraud; (3) damages associated with defendants' alleged fraudulent misrepresentation; and (4) an award of attorneys' fees and costs, and dismissal of defendants' sole counterclaim.

## **BACKGROUND**

Plaintiff is the former tenant of apartment 6A (the unit) in an apartment building located at 214 East 11th St, New York, NY (the building), which is owned by EBD. She moved into the

**151589/2016  DOUGHERTY, MELISSA vs. E.B.D. ASSOCIATES**          Page 1 of 11
**Motion No.  003**

[* 1]

unit in July of 2006 pursuant to a one-year non rent stabilized lease with a rent of $2,500/mo.[1] After several annual lease renewals, her rent had increased to $2,825/mo by the end of her final lease agreement. On April 9, 2015, defendants sent plaintiff a notice that her lease would not be renewed for the coming year, and plaintiff planned to vacate the unit at the end of August 2015. However, mere days before she moved, she discovered that the building was receiving J-51 tax benefits, and that she had unknowingly been a rent-stabilized tenant, despite paying market rate for her unit. Since plaintiff had already signed a new lease and incurred other non-refundable expenses, she continued with her move.

## DISCUSSION

### I. Summary Judgment Standard

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342). "The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any

---

[1] At the time, buildings receiving J-51 tax benefits were obligated to register with the Division of Housing and Community Renewal (DHCR), however, a "luxury deregulation exemption" permitted deregulation of (1) vacant apartments where the legal regulated rent was $2,000/mo or more; and (2) occupied apartments where the legal regulated rent was $2,000/mo or more and the combined annual income of all occupants exceeded $250,000/yr.

**151589/2016 DOUGHERTY, MELISSA vs. E.B.D. ASSOCIATES**           Page 2 of 11
**Motion No. 003**

such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

## II.    Declaratory Judgment

Plaintiff's first cause of action is for a declaratory judgment that her apartment was subject to rent stabilization because the building was receiving J-51 tax benefits. "[B]uilding owners who receive J-51 benefits forfeit their rights under the luxury decontrol provisions even if their buildings were already subject to the RSL" (*Roberts v Tishman Speyer Properties, L.P.*, 13 NY3d 270, 283 [2009]).

Here, plaintiff submits undisputed evidence that the building was receiving J-51 benefits (NYSCEF Doc No 128), and that her apartment was not registered with the DHCR (NYSCEF Doc No 138). There is no dispute that plaintiff's apartment should have been subject to rent stabilization. Accordingly, plaintiff will be granted summary judgment on her first cause of action for a declaratory judgment.

## III.    Calculation of Rent Overcharge

### a. Fraud

Plaintiff argues that she is entitled to a calculation of overcharge damages based on the default formula, because she contends that defendants engaged in a fraudulent scheme to deregulate her apartment. Defendants argue that they did not knowingly engage in a fraudulent scheme and summary judgment must be denied as there are triable issues of fact as to the landlord's knowledge and intent in deregulating the apartment.

151589/2016   DOUGHERTY, MELISSA vs. E.B.D. ASSOCIATES
Motion No.  003

Page 3 of 11

3 of 11

"A provision added as part of the Rent Regulation Reform Act of 1997 (1997 RRRA) expressly preclude[d] examination of the rental history of the housing accommodation prior to the four-year period preceding commencement of the overcharge action" (*Regina Metro. Co., LLC v New York State Div. of Hous. and Community Renewal*, 35 NY3d 332, 353 [2020] [internal quotation marks removed]). However, there is a "a limited common-law exception to the otherwise-categorical evidentiary bar, permitting tenants to use such evidence only to prove that the owner engaged in a fraudulent scheme to deregulate the apartment" (*id*. at 354). A tenant shows a "colorable claim of fraud by identifying… evidence, of a landlord's fraudulent deregulation scheme to remove an apartment from the protections of rent stabilization" (*id*. at 355 [internal quotation marks removed]). In other words, a "review of rental history outside the four-year lookback period [is] permitted only in the limited category of cases where the tenant produce[s] evidence of a fraudulent scheme to deregulate and, even then, solely to ascertain whether fraud occurred" (*id*.). This "lookback rule" was the standard the courts used until the passing of the Housing Stability and Tenant Protection Act of 2019 ("HSTPA").

In *Regina*, the Court of Appeals was addressing the 2019 HSTPA amendments which among other things, eliminated the so-called lookback rule. The HSTPA "required [courts] to 'consider all available rent history which is reasonably necessary' to investigate overcharge claims and determine [the] legal regulated rent, regardless of the vintage of that history and include[e] records kept by owners, tenants and agencies" (*id*. at 364 [quoting [RSL § 26-516[a][i],[h]]]). The Court found that this provision of the HTSPA's imposes an unconstitutional retroactive punishment on landlords, because previously the law allowed landlords to dispose of records older than four years. Indeed these provisions of the HSTPA penalized landlords "for a disposal of records that was legal under the prior law but will now hinder the owner's ability to

establish the legality of (and non-willfulness of any illegal) rent increases outside the lookback period, which—under the new legislation—impact recovery even in the absence of fraud" (*Regina*; 35 NY3d at 368-369). By finding these provisions unconstitutional the Court reaffirmed that tenants seeking to look beyond four years prior to the date of commencement of the action must provide evidence of a fraudulent scheme (*id*. at 388).

Further, the *Regina* Court held that when "deregulation of the apartments during receipt of J-51 benefits was not based on a fraudulent misstatement of fact but on a misinterpretation of the law—significantly, one that DHCR itself adopted and included in its regulations" then use of the fraud exception to the lookback rule was inappropriate (*id.* at 356).

In *Regina* the Court in a footnote states "[f]raud consists of 'evidence [of] a representation of material fact, falsity, scienter, reliance and injury'" (*id*. at 356 n.7 [quoting *Vermeer Owners v Guterman*, 78 NY2d 1114, 1116 [1991]]). Thus, since *Regina* courts have ruled that in order for the fraud exception to the lookback rule to qualify the "plaintiffs were required to prove, prima facie, the [common law] elements of fraud" (*Aras v B-U Realty Corp*., 221 AD3d 5, 12 [1st Dept 2023]). Indeed since "[r]easonable reliance is an element of fraud for purposes of evading the four-year lookback restriction for pre-HSTPA overcharge claims the undisputed disclosure in the publicly available rental histories of the discrepant figures for legal regulated rent and preferential rent negates any inference of fraud as a matter of law" (*Burrows v 75-25 153rd St., LLC*, 215 AD3d 105, 113 [1st Dept 2023], *affd as mod and remanded,* 44 NY3d 74 [2025]). Because rental histories of apartments are publicly available, tenants cannot reasonably rely on the misrepresentation of landlords about the regulatory status of apartments, thus under these circumstances a fraud claim fails as a matter of law.

However, on December 22, 2023 the New York legislature passed a bill which provides

[* 5]

Section 1. Legislative findings. The legislature hereby finds and declares that in light of court decisions arising under the Housing Stability and Tenant Protection Act of 2019 (HSTPA), including *Regina Metro v. DHCR*, it is public policy that the legislature define clearly the scope of the fraud exception to the pre-HSTPA four-year rule for calculating rents which remains unsettled and the subject of litigation where courts have diverged from the controlling authority of *Thornton v. Baron* and *Grimm v. DHCR* to impose a common law fraud standard that is not found in these cases and is inconsistent with the intent of the legislature to discourage and penalize fraud against the rent regulatory system itself, as well as against individual tenants, and it is there- fore public policy that the legislature codify, without expanding or reducing the liability of landlords under pre-HSTPA law, the standard for applying that exception.

§ 2. (a) Nothing in this act, or the HSTPA, or prior law, shall be construed as restricting, impeding or diminishing the use of records of any age or type, going back to any date that may be relevant, for purposes of determining the status of any apartment under the rent stabilization law;

(b) With respect to the calculation of legal rents for the period either prior to or subsequent to June 14, 2019, an owner shall be deemed to have committed fraud if the owner shall have committed a material breach of any duty, arising under statutory, administrative or common law, to disclose truthfully to any tenant, government agency or judicial or administrative tribunal, the rent, regulatory status, or lease information, for purposes of claiming an unlawful rent or claiming to have deregulated an apartment, whether or not the owner's conduct would be considered fraud under the common law, and whether or not a complaining tenant specifically relied on untruthful or misleading statements in registrations, leases, or other documents. The following conduct shall be presumed to have been the product of such fraud: (1) the unlawful deregulation of any apartment, including such deregulation as results from claiming an unlawful increase such as would have brought the rent over the deregulation threshold that existed under prior law, unless the landlord can prove good faith reliance on a directive or ruling by an administrative agency or court; or (2) beginning October 1, 2011, failing to register, as rent stabilized, any apartment in a building receiving J-51 or 421-a benefits.

§ 3. This act shall take effect immediately.

(2023 New York Senate Bill No 2980).

Further on March 1, 2024 the Legislature passed another bill removing section (b) above

and added a new section stating:

151589/2016  DOUGHERTY, MELISSA vs. E.B.D. ASSOCIATES          Page 6 of 11
Motion No.  003

6 of 11

§ 2–a. When a colorable claim that an owner has engaged in a fraudulent scheme to deregulate a unit is properly raised as part of a proceeding before a court of competent jurisdiction or the state division of housing and community renewal, a court of competent jurisdiction or the state division of housing and community renewal shall issue a determination as to whether the owner knowingly engaged in such fraudulent scheme after a consideration of the totality of the circumstances. In making such determination, the court or the division shall consider all of the relevant facts and all applicable statutory and regulatory law and controlling authorities, provided that there need not be a finding that all of the elements of common law fraud, including evidence of a misrepresentation of material fact, falsity, scienter, reliance and injury, were satisfied in order to make a determination that a fraudulent scheme to deregulate a unit was committed if the totality of the circumstances nonetheless indicate that such fraudulent scheme to deregulate a unit was committed.

(2024 New York Senate Bill No 8011).

These statutes negate the common law elements of fraud requirement and require a consideration of the totality of the circumstances to determine whether a landlord engaged in a fraudulent scheme. Consequently, there need not be a finding of every element of common law fraud in order to show a fraudulent scheme. Additionally, the "Legislative Findings" section references *Thornton v. Baron* and *Grimm v. DHCR*, and states that courts divergence from the authority of those cases led to the need for new legislation. As such, an inquiry into the holdings in those cases is required.

In *Thornton* the owner engaged in a fraudulent scheme to remove apartments from rent stabilization by "taking advantage of the statutory exemption for nonprimary residences" (*Thornton v Baron*, 5 NY3d 175, 178 [2005]). The landlord conspired with tenants who would "circumvent rent stabilization by leasing apartments as nonprimary residences above the regulated rent, so as then to sublease the apartments at even higher rents" (*id*. at 178). The court found that a fraudulent scheme existed concluding that "[w]e reach this conclusion not so that

**151589/2016  DOUGHERTY, MELISSA vs. E.B.D. ASSOCIATES**                                **Page 7 of 11**
**Motion No.  003**

7 of 11

one wrongdoer may benefit at the expense of another … but so that no wrongdoer may benefit at the expense of the public" (*id*. at 182). In *Grimm*, the court held that:

> Generally, an increase in the rent alone will not be sufficient to establish a "colorable claim of fraud," and a mere allegation of fraud alone, without more, will not be sufficient to require DHCR to inquire further. What is required is evidence of a landlord's fraudulent deregulation scheme to remove an apartment from the protections of rent stabilization

(*Matter of Grimm v State Div. of Hous. and Community Renewal Off. of Rent Admin*., 15 NY3d 358, 367 [2010]). In both, *Grimm* and *Thonton*, the Court found that a fraudulent scheme existed without going into a common law fraud analysis. Instead, the focus was on whether the landlords knowingly engaged in a campaign to deregulate the apartments illegally.

      b.   *Application of the Totality of the Circumstances Test to Plaintiff's Motion*

Plaintiff submits undisputed evidence of a representation of material fact, as each of her leases states "Your Lease is Not Subject to Rent Regulation of Any Form" (NYSCEF Doc Nos 134 – 136). Plaintiff's earlier leases do not state whether the apartment is rent stabilized, and purport to be unregulated market rate leases (NYSCEF Doc Nos 130 – 133). Plaintiff also submits evidence that these representations were false by including documentation that the building was receiving J-51 tax benefits throughout plaintiff's tenancy (NYSCEF Doc No 128). Because defendant deregulated the apartment based on luxury deregulation but "building owners who receive J-51 benefits forfeit their rights under the luxury decontrol provisions even if their buildings were already subject to the RSL", the apartment should have been subject to regulation and defendants assertions that the lease was not subject to rent regulation were false (*Roberts*, 13 NY3d at 283).

Plaintiff further argues that defendants knowingly engaged in a fraudulent scheme because even if they initially deregulated the apartment due to a misinterpretation of the law,

151589/2016   DOUGHERTY, MELISSA vs. E.B.D. ASSOCIATES
Page 8 of 11
Motion No.  003

8 of 11

[* 8]

which under *Regina*, would mean that use of the fraud exception is inappropriate (*Regina*; 35 NY3d at 356), that by keeping the apartment deregulated after the *Roberts* decision and failing to register it demonstrates an intent to defraud. "*Regina* does not grant an owner carte blanche in post-*Roberts/Gersten*[2] cases to willfully disregard the law, by failing to re-register illegally deregulated apartments, enjoying tax benefits while continuing to misrepresent the regulatory status of the apartments, and taking steps to comply with the law only after its scheme is uncovered" (*Montera v KMR Amsterdam LLC*, 193 AD3d 102, 107 [1st Dept 2021]).

Here, plaintiff is alleging fraud in that defendants were aware of their duty under *Roberts* and *Gersten* to re-register her apartment as rent stabilized, yet defendants continued to falsely represent that the apartment was not subject to stabilization. Plaintiff submits a document from the DHCR indicating that plaintiff's apartment was not registered with the DHCR from 1984 until 2015 (NYSCEF Doc No 138). Plaintiff further submits the testimony of defendants' director of legal and compliance, Gisele Vasquez, who testified that she was aware of the *Roberts* ruling and the requirement that apartments in buildings that received J-51 benefits are rent-stabilized (NYSCEF Doc No 145 at 41:20 – 42:6).

However, defendants in opposition submit additional testimony of Gisele Vasquez in which she states that she was not aware that the building was receiving J-51 tax benefits (*id*. at 31:10 – 32:13). The First Department, in *Austin v 25 Grove St. LLC* considered similar facts and held:

---

[2] *Gersten* determined that the *Roberts* decision applied retroactively, so owners of apartments that had been improperly deregulated were required to reregister those apartments as rent stabilized (*Gersten v 56 7th Ave. LLC*, 88 AD3d 189 [1st Dept 2011]; *see* also *Park v New York State Div. of Hous. and Community Renewal*, 150 AD3d 105, 110 [1st Dept 2017] ["Since that time, controlling authority has required that owners who had previously luxury decontrolled apartments while still receiving J–51 tax benefits must register those apartments and retroactively restore them to rent stabilization"]).

151589/2016   DOUGHERTY, MELISSA vs. E.B.D. ASSOCIATES
Motion No.  003

Page 9 of 11

> While these irregularities in the DHCR rent history and defendant's failure to provide proper rent-stabilized renewal leases raise questions of fact as to defendant's adherence to the rent stabilization laws, summary judgment in plaintiff's favor based on a finding of fraud is not warranted at this stage, given the parties' competing contentions as to the reasons for the discrepancies in the DHCR history and questions of scienter

(*Austin v 25 Grove St. LLC*, 202 AD3d 429, 430-31 [1st Dept 2022]).

While the *Austin* court was analyzing fraud under the common law standard, the same conclusion results here under a "totality of the circumstances" analysis as plaintiff still needs to prove that the "owner *knowingly* engaged in [a] fraudulent scheme" (2024 New York Senate Bill No 8011 [emphasis added]). Defendants have raised a triable question of fact as to whether they knowingly engaged in a fraudulent scheme. Accordingly, summary judgment on the second cause of action will be denied.

### IV. Fraudulent Misrepresentation

Plaintiff argues that she is entitled to summary judgment on her fraudulent misrepresentation claim because she vacated her apartment under the belief that her apartment was not rent stabilized. She asks to be reimbursed for the costs she incurred in vacating the apartment, and the higher rent she pays at her new apartment. Defendants argue that plaintiff cannot establish that the misrepresentation that the apartment was not subject to rent stabilization was known to be false by defendants.

> To recover damages for fraudulent misrepresentation, a plaintiff must prove (1) a misrepresentation or an omission of material fact which was false and known to be false by the defendant, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance of the plaintiff on the misrepresentation or material omission, and (4) injury

(*Oxford Health Plans (N.Y.), Inc. v Biomed Pharm., Inc.*, 181 AD3d 808, 812 [2d Dept 2020]).

151589/2016  DOUGHERTY, MELISSA vs. E.B.D. ASSOCIATES
Motion No.  003

Page 10 of 11

Here, as above there is a triable question of fact as to whether defendants knowingly misrepresented the regulatory status of the apartment. Accordingly, summary judgment on the fraudulent misrepresentation claim will be denied.

Accordingly, it is,

ORDERED that plaintiff's motion for summary judgment, on her first cause of action seeking a declaratory judgment that her former apartment was subject to rent regulation is granted; and it is further

ORDERED, ADJUDGED and DELCARED that plaintiff's apartment at 214 E. 11th St., New York, NY was subject to provisions of the Rent Stabilization Law and Code for the period of her tenancy from July 2006 through August 2015; and it is further

ORDERED that the portion of plaintiff's motion seeking summary judgment on her second cause of action is denied; and it is further

ORDERED that the portion of plaintiff's motion seeking summary judgment on her fifth cause of action for fraudulent misrepresentation is denied; and it is further

ORDERED that the portion of plaintiff's motion for summary judgment on her fourth cause of action seeking attorney's fees is denied as RSL § 26-516[a][4] requires a prevailing judgment on the overcharge cause of action and plaintiff is not the prevailing party on the overcharge cause of action at this juncture.

20260312162751PGOETZ60B15919DF7A4ECAA1CA01272A9A43C1

| **3/12/2026** | | | | | |
| **DATE** | | | **PAUL A. GOETZ, J.S.C.** | | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151589/2016   DOUGHERTY, MELISSA vs. E.B.D. ASSOCIATES**                    Page 11 of 11
**Motion No.  003**

11 of 11

[* 11]